### HURLEY v. FEDERAL TENDER BOARD NO. 1.

No. 9297.

Circuit Court of Appeals, Fifth Circuit.

Dec. 27, 1939.

John D. Glass, of Tyler, Tex., for appellant.

Steve M. King, U. S. Atty., and Warren Moore, Asst. U. S. Atty., both of Beaumont, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal comes up on an agreed statement, under Rule 76, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It presents the single question whether the Federal Tender Board was right in rejecting a Tender Application for oil produced in violation of, and forfeited and sold under, Texas laws. The Board prevailed below, upon the position its takes here, that the Connally Act defines contraband oil[1] as, "petroleum * * * produced * * * in excess of the amounts permitted to be produced * * * under the laws of [a] state" * * *; prohibits "the shipment or transportation in Interstate Commerce from any State, of contraband oil produced in such State;"[2] and makes no exception of, or provision for, the shipment of oil, which, because it was illegally produced, has been forfeited and sold to the State.

Appellant admits that the oil in question was, originally, unlawful oil, subject to forfeiture to the State of Texas under Texas Statutes,[3] and therefore "contraband" under the Connally Act. He insists though that upon its condemnation and sale, it was no longer unlawful oil under Texas laws, and therefore no longer "contraband" oil under Federal laws.

Arguing that the fact alone, that the oil was forfeited to the State and the present owner of it holds the State's Title thereto, establishes its non-contraband character, and its right to move in commerce, appellant insists that this is made even more clear by precise provisions of the State Act. These are, "that the Sheriff executing [the] sale shall issue a bill of sale or certificate to the purchaser of said oil and * * * the Commission shall, upon the presentation of said certificate of clearance, issue a tender, if a tender is required, permitting the purchaser of said oil * * * to move the same into commerce." Standing thus on the Texas Statute, appellant argues that since the Federal Statute was enacted in aid of State Legislation, it must be construed and applied to that end, and it would not be in aid, but in obstruction of, State Legislation, to construe it as forbidding movement in Interstate Commerce of oil forfeited to, and sold by, the State. He insists in short, that the statute intends and must be construed as meaning, that oil, which because of its unlawful production is subject to state forfeiture, is "contraband" in Interstate Commerce, but, oil which has been forfeited to, and sold by, the State, and which may thereafter move in Commerce under State laws, is not "contraband" in Interstate Commerce. He points out that the Federal law "takes up where state power ends, and by supplementing state legislation it makes completely effective the general will of the people of the state of Texas, expressed in [Texas] conservation laws." Griswold v. President of the U. S., 5 Cir., 82 F.2d 922, 923. He insists that the State by changing its conservation laws can change the operation and effect of the Federal laws passed in aid of them.

Appellee, on its part, insists that though the Connally Act was passed in aid of State laws, it is an exercise of, and rests upon, Federal powers, and that even if the State of Texas had undertaken to authorize the movement in Interstate Commerce of oil forfeited and sold, it could not do so, for "when Congress exerts its authority in a

[1] Title 15 U.S.C.A., § 715 a(1)—"The term 'contraband oil' means petroleum which, or any constituent part of which, was produced, transported, or withdrawn from storage in excess of the amounts permitted to be produced, transported, or withdrawn from storage under the laws of a State or under any regulation or order prescribed thereunder by any board, commission, officer, or other duly authorized agency of such State, or any of the products of such petroleum."

[2] Title 15, U.S.C.A. § 715b.

[3] Article 6066a, Section 10, Vernon's Annotated Civil Statutes of Texas; Cf. Texas v. Donaghue, 302 U.S. 284, 58 S. Ct. 192, 82 L.Ed. 264; Griswold v. President of United States, 5 Cir., 82 F.2d 922, 928.

matter within its control, state laws must give way in view of the regulation of the subject-matter by the superior power conferred by the Constitution." United States v. Hill, 248 U.S. 420, 39 S.Ct. 143, 146, 63 L.Ed. 337.

Interesting as are these contentions as to the power of the State to make forfeited oil, non-contraband for Interstate Commerce, we find it unnecessary to consider and determine them.

■■ The statute in question is a valid exercise of Federal power. It neither requires nor admits of aids to interpretation to draw its meaning from it. The oil in question is, within the plain meaning of its simple, explicit and positive terms, contraband oil forfeited to the State. Nothing in the Federal Act excepts or purports to except from its terms contraband oil forfeited to the State. Nothing in the State Act deals or purports to deal with movement in Interstate Commerce of forfeited oil.

Under these statutes, as the matter stood before the Board on the Application for Tender, appellant was asking for a Tender of oil which in the very language of the Act, the Board administers, was contraband oil. Its action in refusing the application was right. The judgment sustaining its action is affirmed.

Affirmed.