GRAHAM v. FEDERAL TENDER BOARD NO. I.

No. 9339.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1941.

F. W. Fischer, of Tyler, Tex., for appellant.

Steve M. King, U. S. Atty., and Warren Moore, Asst. U. S. Atty., both of Beaumont, Tex., for appellee.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

FOSTER, Circuit Judge.

Federal Tender Board No. 1, organized under the provisions of the Act of February 22, 1935, 15 U.S.C.A. § 715 et seq., known as the Connally Act, to administer the law in the East Texas oil field issued and served a subpoena upon appellant requiring him to appear before it to give testimony pertinent to an investigation it was conducting. Upon his refusal to comply with the order this suit was brought in the United States District Court to compel him to do so. An order to show cause issued. Appellant answered the rule, denying the jurisdiction and authority of the Board. From an adverse ruling this appeal is prosecuted.

Appellant does not challenge the validity of the law nor the authority of the Board generally but contends the Board can proceed only by mandatory injunction, under the provisions of Section 10 of the Act. 15 U.S.C.A. § 715i.

Section 9 of the Act, 15 U.S.C.A. § 715h provides the Board may hold and conduct hearings and investigations as may be necessary and incorporates by reference the provisions of Section 21 of the Securities and Exchange Commission Act, 15 U.S.C.A. § 78u, which authorizes the commission to subpoena witnesses and apply to the District Court to compel their attendance. The provision of the Connally Act for a mandatory injunction does not set aside or nullify this part of the statute. The provisions are complementary and the Board, in its discretion, may use either method in seeking information to enable it to administer the law.

The judgment is affirmed.