## THE PRESIDENT OF THE UNITED STATES v. SKEEN.

### SAME v. THERON OIL CO. et al.

Nos. 9384, 9513.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1941.

No. 9384:

Steve M. King, U. S. Atty., and John D. Rienstra, Fred Hull, and Warren Moore, Asst. U. S. Attys., all of Beaumont, Tex., for appellant.

W. T. Saye and J. N. Saye, both of Longview, Tex., for appellees.

No. 9513:

Steve M. King, U. S. Atty., and Warren Moore, Asst. U. S. Atty., both of Beaumont, Tex., for appellant.

T. R. Boone and Charles C. McDugald, both of Wichita Falls, Tex., for appellees.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

These two cases present identical questions and may be disposed of by one opinion.

The suits were brought by the United States Attorney in the name of the President of the United States to secure mandatory injunctions under the provisions of the Act of February 22, 1935, as amended, known as the Connally Act, 15 U.S.C.A. § 715i.

The complaint recites pertinent provisions of Section 5 of the Act, 15 U.S.C.A. § 715d, authorizing the President to prescribe necessary and appropriate regulations for its enforcement; recites executive orders Nos. 6979, 7756 and 7758, under which Federal Tender Board No. 1, located at Kilgore, Texas, was established, for the East Texas field covering Gregg, Upshur, Smith and Rusk counties and part of Cherokee County; and alleges defend-

ants are operating in the East Texas field, with sufficient particularity, but refuses to permit any person authorized by said Board to enter upon their property and facilities for any purpose; have refused to file monthly reports on forms approved by the Secretary of the Interior; and have refused to keep and maintain in the office of the said Board diagrams required by the regulations, in violation of the regulations recited. On motions of defendants, the suits were dismissed for want of equity, without written opinion.

The question presented for decision is whether the suits were maintainable without allegations charging defendants were engaged in interstate commerce in the production, disposal and distribution of crude oil.

The purpose of the Connally Act, 15 U.S.C.A. § 715 et seq., is to aid the states in enforcing laws limiting the amount of oil permitted to be produced from wells in designated fields, by prohibiting shipment of excess oil produced, known as "hot" oil, in interstate commerce. It is settled that the law is a valid enactment of Congress to effect that purpose. Griswold v. President of the United States, 5 Cir., 82 F.2d 922; Hurley v. Federal Tender Board No. 1, 5 Cir., 108 F.2d 574; Compare United States v. Gilliland, 61 S.Ct. 518, 85 L.Ed. ——, decided Feb. 3, 1941. No doubt investigations by the Board of actual conditions in the field and the requirement that those who engage in the production, sale and transportation of oil shall file reports and diagrams causes inconvenience and expense, but that is not an excuse for not complying with valid regulations adopted under the Act. The Board is charged with the duty of enforcing the Act. Its officers would not be bound by the denial of any person operating in the field that he was engaged in interstate commerce. The Board has the right to make its own investigation to determine that fact. It might well be that a person not engaged in interstate commerce would furnish oil to a third person, which was used by him in violating the law. If the Board could not require reports and investigate the conduct of every person operating in the field under its jurisdiction, regardless of whether he was engaged in interstate commerce, its enforcement of the law would be greatly hampered. As well might it be said an innocent person could not be compelled to testify and produce his books and records before a grand jury.

In both cases the judgment is reversed and the cause remanded.