**MISSISSIPPI ROAD SUPPLY CO. v. WALLING, Administrator of Wage and Hour Division, United States Department of Labor.**

No. 10583.

Circuit Court of Appeals, Fifth Circuit.

June 11, 1943.

E. L. Trenholm, of Jackson, Miss., for appellant.

Bessie Margolin, Asst. Sol., U. S. Department of Labor, of Washington, D. C., and William A. Lowe, Regional Atty., Wage and Hour Division, of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The case involves the proper adjustment of judicial power to the investigatory duties of the Administrator of the Wages and Hour Division of the Department of Labor under the Fair Labor Standards Act, 52 Stats. 1060, 29 U.S.C.A. § 201 and ff.

Investigators for the Administrator had asked informally and were freely permitted to see the books and records of Mississippi Road Supply Company which showed the nature of its business, but it refused to allow examination of its wage and hour records, asserting that it and its employees were not under the Act. The Administrator issued a subpoena duces tecum for the production before the examiners both of the wage and hour books and records and

also the records of business done during a stated period. The Company appeared and offered again full access to the records of business done, but asserted that its employees were not engaged in commerce or the production of goods for commerce, and that it is a retail and service establishment the greater part of whose selling and servicing is in intrastate commerce and is specially exempted by Section 13(a) (2) of the Act; and production of its wage and hour records was again refused. The Administrator then petitioned the District Court for an order to enforce obedience to the subpoena. The Court issued an order that the Company show cause why it should not produce the records as demanded. The Company answered that it had produced the records relevant to the question of its employees being subject to the Act, that none of them were subject, and the establishment was specially exempt as above stated, and that a forced investigation would be an unreasonable search and seizure contrary to the Fourth Amendment, and a penalty for disobedience would be imposed without due process of law contrary to the Fifth Amendment, and since interstate commerce is not involved the Act as applied to this Company would be contrary to the Tenth Amendment. The Court ordered the parties to submit affidavits as to whether there was probable cause for the investigation, the burden being on the Administrator. Affidavits were submitted, the Company insisting however that a full judicial hearing on the testimony of witnesses should be had. The Court held the case was a "borderline" case, but probable cause was shown, that the investigation ought to proceed so that all the facts might be ascertained and the question of "coverage" be then determined; and compliance with the subponea was ordered. This appeal, with supersedeas, was sued out. The clear cut questions are: 1. Whether the Court is bound finally to hear and determine the question of "coverage" before the investigation is assisted by it. 2. Was noncoverage so plainly apparent that the Court's assistance ought to be denied?

Federal Bureaus and Commissions have of late been multiplied, with very broad powers of investigation and decision; but in almost every instance Congress has denied to them the power to force investigation or to enforce a final conclusion without the assistance and review of the courts. The dangers in such investigations from over-zeal of injuring the rights of the private citizen have been eloquently and truthfully pictured in many opinions. Interstate Commerce Commission v. Brimson, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047; Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786; Dissenting opinion in Endicott-Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. ——; General Tobacco Co. v. Fleming, 6 Cir., 125 F.2d 596, 140 A.L.R. 783. The constitutional necessity, especially in matters affecting the rights of one citizen against another, as distinguished from matters of public government, for an ultimate judicial review of administrative action, both on the law and the "fundamental" or "jurisdictional" facts, was examined and asserted in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Such a review or revision is concededly afforded under the Fair Labor Standards Act, before any effectual enforcement can be achieved by the Administrator. The question is how far and how soon the courts may or should interfere with a preliminary investigation. The Administrator contends that the court should assist, and not obstruct. The Company contends that when the application of the Act to it is challenged, the court should at once fully determine whether the Act does apply, lest it assist usurpation, or unlawful meddling.

 The power of the Administrator to hold an enquiry rests upon Section 11 (a), but extends only to "employment in any industry subject to the Act". Now "industry" is defined in Section 3(h) very broadly, and certainly includes the business of buying and selling in which this Company is engaged. The general industry is therefore subject to the Act, and we presume has its "Industry Committee" under Section 5. Whether a particular employer or employee is subject to the Act is another question, and is frequently a main subject of legitimate investigation. It is a necessary part of any enquiry as to whether there are violations of the Act. Since an affirmative answer is the foundation of any further action, it may be logical to determine this question first, but it must be remembered that the Investigators do not determine it, they but gather information. Convenience in most cases dictates that both "coverage" and "violations" be enquired about in a single investigation. It has just been decided, and we accordingly hold that in such investigations the

investigating authority has generally the right to look first into either question, or into both concurrently. Endicott-Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. ——. When called on for assistance under Sect. 9 of the Act, which adopts the provisions of Federal Trade Commission Act, 15 U.S.C.A. § 49, "any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena * * * issue an order * * *." The language is not mandatory, but permissive. There is, as always, the duty to use a power given, but there is discretion. If on the face of things a lawful enquiry is in progress, the court ought to assist it, assuming that the enquiring body will confine itself to its lawful functions. Bradley Lumber Co. v. N. L. R. B., 5 Cir., 84 F.2d 97. The burden indeed of showing that the inquiry is unlawful is upon him who is called on to show cause why a subpoena should not be obeyed. The presumption of regularity of the proceedings of public officers so places the burden, unless on the face of the proceedings they are unlawful or oppressive. But if it is made to appear that the investigation is clearly without just authority, as that the person investigated is clearly not under the Act and that grave inconvenience or injury may result, the court may very properly decline to assist. Jones v. Securities and Exchange Com., 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015. When the matter raised is whether a particular question put to a witness, or a particular record demanded, is privileged or wholly irrelevant to the enquiry, the court would ordinarily be bound to decide before ordering compliance.

In the present case the question is whether any of the employees are engaged in commerce or in the production of goods for commerce and thus are under the Act; or whether the employer and all his employees are exempted from the Act because conducting a retail and service establishment in intrastate commerce. On a preliminary hearing by affidavits it appeared that some of the employees who worked in the buying, receiving and paying for goods imported into the State, were probably engaged in commerce according to Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. ——, affirming Jacksonville Paper Co. v. Fleming, 5 Cir., 128 F.2d 395. As to the exemption under Section 13(a) (2) there was room to question whether the Company was a retail and service establishment under White Motor Co. v. Littleton, 5 Cir., 124 F.2d 92; and Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90. The court had a discretion to abstain from a present final enquiry into these matters, and to assist a full enquiry by the Administrator. Endicott-Johnson Corp. v. Johnson, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. ——. There being no great inconvenience or injury involved in presenting the wage and hour records, the general principle that administrative proceedings be allowed to run their course before the courts interfere ought to apply. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. The court's order here being a mere exercise of discretion, is of course no adjudication of the merits of any case that may hereafter arise out of the matter.

Affirmed.