**GENECOV et al. v. FEDERAL PETROLE-
UM BOARD.**

No. 11161.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1944.

Rehearing Denied Jan. 13, 1945.

Writ of Certiorari Denied April 2, 1945.

See 65 S.Ct. 913.

W. Edward Lee, of Tyler, Tex., for appellants.

Steve M. King, U. S. Atty., and James T. Wright, Asst. U. S. Atty., both of Beaumont, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Federal Petroleum Board issued subpoenas duces tecum to A. S. Genecov and Gus Rosenthal, commanding them to appear before the Board and to produce certain listed books, papers and documents. Both Genecov and Rosenthal appeared and were duly sworn, but refused to give any testimony. Thereafter the Federal Petroleum Board filed separate bills of complaint against each of the defendants in the District Court to compel them to appear and show cause why they should not produce the records called for in the subpoenas and to give testimony in reference thereto. Each of the defendants answered the rule, and filed a motion denying the jurisdiction of the Court, and a second motion to dismiss for failure to state a claim upon which relief could be granted, and

also filed answers to the complaints. Amendments were filed to each of the bills and the court entered orders overruling the motions.

On a hearing, the proceedings consisted of the subpoenas, motions to dismiss, a statement of counsel explaining what was specifically sought and desired by the evidence and the books, papers and documents, and which was a resume of what the subpoenas contained, and the verified answers of both defendants. The Court entered judgment requiring each of the defendants to appear before the Board and to give answers to "any and all material and relevant questions relating to the violations under investigation by said Federal Petroleum Board, and described in the subpoenas served upon them."

The motion of the defendants for findings of fact and conclusions of law were overruled

The cases having been tried together, on motion of defendants, the two cases were consolidated for the purpose of appeal.

■ The Connally Act provides: "Wherever reference is made in this chapter to the President such reference shall be held to include, in addition to the President, any agency, officer, or employee who may be designated by the President for the execution of any of the powers and functions vested in the President under this chapter." Sec. 11, 49 Stat. 33, 15 U.S.C.A. § 715j.

The President, by Executive Order [see No. 7756, 15 U.S.C.A. § 715j note] empowered the Secretary of the Interior to organize and name the Federal Petroleum Board and the Secretary naming the Board ordered and directed that "The personnel, unexpended balances of appropriation, records, equipment, property, contracts and leases of the Federal Tender Board No. 1 are hereby transferred to the Board." The Connally Act is a valid exercise of Federal power. Griswold v. The President of the United States, 5 Cir., 82 F.2d 922; Hurley v. Federal Tender Board No. 1, 5 Cir., 108 F.2d 574; The President of the United States v. Skeen, 5 Cir., 118 F.2d 58; Graham v. Federal Tender Board No. 1, 5 Cir., 118 F.2d 8; Baltimore & Ohio R. Co. v. Interstate Commerce Commission, 221 U.S. 612, 31 S.Ct. 621, 55 L.Ed. 878.

■ Furthermore, the Connally Act expressly makes available to the Federal Petroleum Board the provisions of Sec. 78u of Title 15, U.S.C.A. being the Securities Exchange Act. The provisions of Section 78u authorizing the Board to invoke the aid of the U. S. District Court in compelling the testimony of witnesses, is complementary to the provisions of Section 715i, Title 15, U.S.C.A., and the Board in its discretion may use either method in compelling attendance and testimony of witnesses. Court action to investigate and compel attendance before the Board has been many times upheld. President of the United States v. Skeen, 5 Cir., 118 F.2d 58. This Act should be liberally construed. Natural Gas Pipe Line Co. of America v. Federal Power Commission, 7 Cir., 120 F.2d 625.

Broad purposes of securing information by investigative agencies of the Government have been widely recognized by the courts. Fleming v. Montgomery Ward, 7 Cir., 114 F.2d 384, certiorari denied 311 U. S. 690, 61 S.Ct. 71, 85 L.Ed. 446; Consolidated Mines of California v. Securities and Exchange Commission, 9 Cir., 97 F.2d 704; Perkins v. Endicott-Johnson Corporation, 2 Cir., 128 F.2d 208.

■■ A corporation is not protected by the Fourth and Fifth Amendments from producing its books and records before a Federal grand jury engaged in investigating its conduct in relation to the Federal criminal law. Moreover, the weight of authority holds that investigation by the Federal Petroleum Board and other like agencies is analogous to grand jury powers, where witnesses are compelled to appear and testify. Essgee Co. of China v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917; In re Securities & Exchange Commission, 2 Cir., 84 F.2d 316; Chester Bowles, Administrator v. Baer, 7 Cir., 142 F.2d 787; Boehm v. United States, 8 Cir., 123 F.2d 791, cert. den.; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558.

■ The benefits of the Fifth Amendment are exclusively for a witness compelled to testify against himself. He cannot set them up on behalf of any other person or individual, or of a corporation of which he is an officer or an employee. Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Consolidated Rendering Co. v. Vermont, 207 U.S. 541, 28 S.Ct. 178, 52 L.Ed. 327, 12 Ann.Cas. 658; Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, 15 Ann.Cas. 645; Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D,

558; Baltimore & Ohio R. R. Co. v. Interstate Commerce Commission, 221 U.S. 612, 31 S.Ct. 621, 55 L.Ed. 878; Essgee Co. of China v. United States, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917; United States v. Jasper White, 322 U.S. 694, 64 S.Ct. 1248.

There is a distinct difference between investigations and hearings. Woolley v. United States, 9 Cir., 97 F.2d 258, 262; Bowles, Administrator v. Baer, 7 Cir., 142 F.2d 787; In re: Securities and Exchange Commission, 2 Cir., 84 F.2d 316.

This was an investigation and not a hearing. No good purpose could be served by complying with the request of the defendants for findings of facts and conclusions of law. They had before them every fact and the laws touching the Connally Act. Rule 81(a), paragraph 4, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has no application here. There was nothing before the court save the pleadings and a statement made by the counsel for the Board, which was to inform counsel for the defendants what was specifically wanted and desired by the subpoenas duces tecum.

A study of the Connally Act, its amendments, and the authorities, here cited, touching such enactment, leads to the conclusion that the trial court was in all respects right.

We find no reversible error in the record and the judgment is affirmed.