## ZINSER et al. v. FEDERAL PETROLEUM BOARD.

### No. 11177.

Circuit Court of Appeals, Fifth Circuit.

May 3, 1945.

Rehearing Denied June 14, 1945.

John D. Glass, of Tyler, Tex., for appellants.

John D. Rienstra, Asst. U. S. Atty., of Beaumont, Tex., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Federal Petroleum Board applied to the court for orders requiring Eugene S. Zinser and W. A. Brewer to give testimony touching the movement of oil by certain named companies and parties. Both Zinser and Brewer had been summoned to appear before the Board to answer under oath, questions propounded to them, but they declined and refused to answer such questions. After a hearing the court entered orders requiring both Zinser and Brewer to answer the questions. Thereafter, and on motion, the court consolidated the two cases, and we have only one appeal.

Federal Petroleum Board inaugurated an investigation into the activities of certain corporations and individuals with reference to the movement of unknown quantities of oil through various pipe lines and gathering systems owned and operated by companies which were engaged in handling oil in the East Texas oil fields. The investigation was inaugurated to determine whether offenses concerning the "Connally Hot Oil Act", 15 U.S.C.A. § 715 et seq., were being or had been committed by the named concerns, especially with respect to the production, transportation and withdrawing from storage of petroleum oil and its products, and to inquire into the truth of reports made by one of the companies and filed with the Board with respect to such movements of oil.

Eugene S. Zinser and W. A. Brewer were employed by certain of the corporations under investigation as Field Gaugers. Zinser had worked for his company for three or four years, and Brewer had worked for his company six or seven years. The Board sought the evidence of Zinser and Brewer in an effort to throw light upon the movement of oil and its products by their companies. Both appellants appeared and were sworn and were informed by the Board that they would not be required to answer questions if such answers elicited would incriminate them.

They declined and refused to answer many of the questions for the reason that such answers would either "incriminate" them or for "personal reasons." The Board was careful to safeguard their every constitutional right and went further and guaranteed to each of them immunity in the event any answer made would in any wise incriminate them.

If the Federal Petroleum Board is to be limited in its investigations of violations of the Connally Act to the narrow confines contended for by appellants, then its usefulness would be at an end. Before it could call in and interrogate witnesses, under the contention made here for appellants, the Board must be first armed with proof of violations of the Act, and manifestly, if it possessed such knowledge, then it would not be necessary to interrogate witnesses.

Here we find the appellants, although they had been guaranteed immunity, unwilling to give to the Board any information which would bring to light and clarify the movement of oil in the East Texas Oil Field, which was under investigation. When interrogated, they frankly told the Board that to answer certain of the questions would incriminate them, and when pressed further for information which would not incriminate, they refused to answer "for personal reasons."

We have heretofore passed upon, adversely to appellants, substantially every question presented on this appeal. Genecov and Rosenthal v. Federal Petroleum Board, 146 F.2d 596. Moreover, we have carefully considered each and every question which was propounded to these two appellants, and are of opinion that the court committed no reversible error in directing them to answer such questions. Consolidated Mines of California v. Securities and Exchange Commission, 9 Cir., 97 F.2d 704, 707; Blair v. United States, 250 U.S. 273, 39 S.Ct. 468, 63 L.Ed. 979; Bowles v. Baer, 7 Cir., 142 F.2d 787; Woolley v. United States, 9 Cir., 97 F.2d 258, 262; Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384, certiorari denied, 311 U.S. 690, 61 S.Ct. 71, 85 L.Ed. 446; Griswold v. President of the United States, 5 Cir., 82 F.2d 922; President of the United States v. Skeen, 5 Cir., 118 F.2d 58.

Affirmed.