HOLLOWAY GRAVEL CO., Inc. v. McCOMB, Administrator of Wage and Hour Division, U. S. Dept. of Labor.

No. 12584.

United States Court of Appeals
Fifth Circuit.

May 19, 1949.

Rehearing Denied June 10, 1949.

---

Geo. Gunby, Allan Sholars, Kent Breard, Monroe, La., for appellant.

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, and William S. Tyson, Sol., U. S. Dept. of Labor, Washington, D. C., Earl Street, Regional Atty., U. S. Dept. of Labor, Dallas, Tex., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The Administrator sought to make an investigation of the books and pay roll records of the Appellant in order to determine whether or not any of its employees were within the coverage of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and, if so, whether or not there had been violations of the Act in failing to pay the wages provided by the Act. The Company readily made available its records pertaining to the business which it is engaged in but it insisted that it was not within the coverage of the Act and declined to produce its pay roll records for inspection. The lower Court, upon application of the Administrator, ordered Defendant to produce the withheld records, and this appeal followed.

We will not now hold that the question of coverage could not be determined on application for a subpoena duces tecum, but, to say the least, the usual process for testing of substantive rights is not in presuit, or investigative, proceedings which might conclude the whole matter. There seems to be no real necessity for judicial review of the administrative process of investigation in the absence of a clear showing of unreasonableness or gross abuse of that administrative function. The Administrator has two questions to determine: (1) Whether or not the employees of the Company are engaged in interstate commerce or in the production of goods for commerce and (2), if so, whether or not the employer has violated any of the provisions of the Act. An affirmative answer to the first would not answer the second any more than would a negative answer to the second settle the first. It, therefore, seems appropriate that the Administrator should have the right to inquire concomitantly into these concomitant questions.

The conclusions of the inspector that the operations of the Appellant were not within the coverage of the Act is not binding on the Administrator.

In the absence of a showing that the time and place named for the production of the records is inappropriate or inconvenient or that the administrator seeks records covering an unreasonable period of time, the Courts will not obstruct or interfere with such an investigation merely in order to render an anticipatory judgment on the merits.

This case appears to be governed by the opinion of this Court in Mississippi Road Supply Company v. Walling, 5 Cir., 136 F.2d 391, certiorari denied 320 U.S. 752, 64 S.Ct. 57, 88 L.Ed. 447. The judgment of the lower Court is affirmed.