**TOBIN, Secretary of Labor, v. BANKS & RUMBAUGH.**

No. 14191.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

224

William S. Tyson, Sol., Bessie Margolin, Asst. Sol., William A. Lowe and Sylvia S. Ellison, Attys., U. S. Dept. of Labor, Washington, D. C., and Earl Street, Reg. Atty., Dallas, Tex., for appellant.

Tom Sealy and J. Henry Wilkinson, Jr., Midland, Tex., for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

The Secretary of Labor, acting pursuant to his authority under § 9, 15 U.S.C.A. § 49, made applicable by § 9 of the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 209, caused to be served upon Banks & Rumbaugh, a corporation, a subpœna *duces tecum,* requiring the corporation, at a time and place stated, to produce all of its payroll and work records covering a specified period of time. On the date and at the place designated by the subpœna, representatives of the corporation appeared, but refused to produce the records demanded.

The Secretary of Labor, alleging that: he had cause to believe the corporation was engaged in the production of goods for interstate commerce; he had reasonable grounds to believe that it had been, and was, violating the provisions of §§ 7, 11(c), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act; an investigation was necessary and appropriate to determine whether said sections of the Act were being violated; and the records required to be produced by the subpœna were relevant, material and appropriate to such investigation and would aid in the enforcement of the provisions of the Act, instituted this action under § 49, U.S.C.A., Title 15, seeking an order of the Court to compel the corporation to com-

ply with the subpœna and to produce the records. In answer to this petition, the corporation denied that it or its employees were engaged in the production of goods for interstate commerce, and alleged that they were engaged in work of an essentially local nature and for that reason were not within the coverage of the Act, supra. It also alleged that the petitioner was not entitled to enforcement of the subpœna because he was engaged in a mere "fishing expedition", unwarranted in fact and in law. There were no allegations that the subpœna made unreasonable demands or that compliance therewith would be unreasonably burdensome, or would result in undue hardship. Thus, the only issue joined by the pleadings was whether or not the corporation and its employees were subject to the provisions of the Act, supra.

The Court held that it had jurisdiction to inquire into question of coverage in a proceeding to enforce the demands of a subpœna, and, upon the evidence adduced at the hearing, held that the corporation and its employees were not within the scope of the coverage of the Fair Labor Standards Act. This appeal is from the final order of the Court denying the relief sought by the Secretary.

The first contention urged for reversal is that the District Court erred in holding that judicial enforcement of the subpœna *duces tecum* was dependent upon a prior adjudication that the employees of the employer sought to be investigated are within the coverage of the Act. This is not a novel issue, but is one which we have previously considered. Mississippi Road Supply Co. v. Walling, 5 Cir., 136 F.2d 391; Holloway Gravel Co. v. McComb, 5 Cir., 174 F.2d 421, 422. In the last cited case we expressly refrained from deciding whether the question of coverage was a proper subject for determination on application for enforcement of a subpœna *duces tecum,* but held that in the absence of a clear showing of unreasonableness or gross abuse of the administrative investigative function, the Courts will not interfere with an investigation "merely in order to render an anticipatory judgment on the merits." In Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.

Ed. 424, the Supreme Court held that the Secretary of Labor was entitled to enforcement of her subpœna *duces tecum* issued pursuant to, and in aid of, her investigative duties under the Walsh-Healey Public Contracts Act,[1] and that the District Court was not authorized to decide the question of coverage in the enforcement proceeding. Expressing the view that "Congress has authorized the Administrator [of the Wage and Hour Division, Department of Labor], rather than the District Court in the first instance, to determine the question of coverage in the preliminary investigation of possibly existing violations", the Supreme Court, in Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 508, 90 L.Ed. 614, held that the Administrator is entitled to enforcement of a subpœna *duces tecum*, issued in aid of his investigative duties and designed to facilitate his determination of whether provisions of the Fair Labor Standards Act were being violated, without a prior adjudication that the industry sought to be investigated is subject to the provisions of the Act.

These authorities are determinative of the question presented, unless, as contended by appellee, they were abrogated by § 6(c) of the Administrative Procedure Act, 60 Stat. 237, 5 U.S.C.A. § 1005(c), which was enacted four months after the opinion in Oklahoma Press Publishing Co., supra, was rendered by the Supreme Court.[2] In so urging, appellee recognizes that this Court,

in D. G. Bland Lumber Co. v. N. L. R. B., 5 Cir., 177 F.2d 555, 558,[3] held that in enacting the Administrative Procedure Act, "Congress intended to leave the scope of judicial inquiry unchanged upon an application for the enforcement of a subpœna", and that § 6(c) of that Act enacted into statutory law the rule laid down by the Supreme Court in Endicott Johnson Corp. v. Perkins, supra. It is contended, however, that the Bland case, supra, is distinguishable from the present case, or, in the event it is not, the Court failed to properly consider and give effect to the legislative history of the Administrative Procedure Act, as it relates to judicial enforcement of administrative agency subpœnas, in deciding the Bland case, and should, upon reconsideration, overrule that holding.

Section 6(c) of the Administrative Procedure Act[4] provides that in the event of contest the court shall enforce any subpœna issued by an administrative agency to the extent that it is found to be "in accordance with law". Appellee urges that the phrase "in accordance with law" connotes that the court has jurisdiction, in an action to enforce the requirements of a subpœna, to determine whether the person and the subject matter to which the subpœna is directed are within the jurisdiction of the agency, and in so doing, may adjudicate the issue of coverage. As we observed in the Bland case, as originally introduced, § 6(c) contained a provision[5]

---

1. 49 Stat. 2036; 41 U.S.C.A. §§ 35–45.

2. Compare United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401.

3. See also N. L. R. B. v. Anchor Rome Mills, 5 Cir., 197 F.2d 447.

4. 5 U.S.C.A. § 1005(c). "Subpenas and production of evidence. Agency subpenas authorized by law shall be issued to any party upon request and, as may be required by rules of procedure, upon a statement or showing of general relevance and reasonable scope of the evidence sought. Upon contest the court shall sustain any such subpena or similar process or demand to the extent that it is found to be in accordance with law and, in any proceeding for enforcement,

shall issue an order requiring the appearance of the witness or the production of the evidence or data within a reasonable time under penalty of punishment for contempt in case of contumacious failure to comply."

5. "(c) Subpena.—Subpenas authorized by law shall be issued by any party upon request and, as may be required by rules of procedure, upon a statement or showing of general relevance, necessity, or reasonable scope of the evidence sought. Upon any contest of the validity of a subpena or similar process or demand, *the court shall determine all relevant questions of law raised by the parties, including the authority or jurisdiction of the agency*, and in any proceeding for enforcement shall enforce (by issuance of an

which would have made the jurisdiction of the agency a litigable issue in subpœna enforcement proceedings. Upon consideration, this provision was omitted and the term "in accordance with law" was inserted. We cannot assume that this deliberate substitution of language in view of the existing law,[6] was not intended to define with exactness the limits of inquiry in judicial enforcement proceedings. The reports of both the Senate[7] and the House[8] Judiciary Committee sustain this view.

It is true that certain excerpts from Senate Document No. 248, supra, indicate a contrariety of opinion as to the meaning of the term "in accordance with law", and some of these convey the thought that it empowers the court to determine the issue of coverage in an enforcement proceeding. We are not impressed by these expressions. There is nothing in the Administrative Procedure Act which suggests that the duty and burden of determining the question of coverage in the first instance was intended to be shifted from the administrative agency to the courts. To give effect to appellee's contention would, in most instances, sterilize the investigative powers of the Administrator and force him to trial without the benefit of the very evidence which the subpœna is designed to secure. Refusal of the courts to refrain from adjudicating the issue of coverage in the enforcement proceeding would result in a maelstrom of confusion, for by their refusal to permit in-

vestigation, employers would be enabled to secure a premature judgment on that issue and the very evil which Congress sought to overcome would prevail over the guardian appointed to correct it.

Appellee suggests that since it had previously permitted an investigator of the Wage and Hour Division, Department of Labor, to inspect its records, and as a result of that investigation an administrative determination of coverage had been made, the trial Court was "clearly justified" in proceeding to adjudicate the question of coverage. This contention is without merit. The duty of the Administrator to investigate violations of the Act is a continuing one, and while such investigations should be conducted in a manner as to cause the least possible inconvenience to the employer, and repeated investigations should not be encouraged, the facts of this case do not disclose an abuse of authority. Certain statements attributed to the investigating officer, related in the testimony of appellee's president, if made, are reprehensible and are not to be condoned. However, while these statements indicate an immature and unrestrained temperament on the part of the officer, they do not constitute an unreasonable or gross abuse of administrative function, and do not control the relevancy or reasonableness of the subpœna.

All of the records required by the subpœna are for a reasonable period of time and are relevant to a legitimate field of inquiry under the Fair Labor Standards Act.

order requiring the production of the evidence or data under penalty of punishment for contempt in a case of contumacious failure to do so) or refuse to enforce such subpena accordingly." Sen.Doc.No.248, 79th Cong. 2d Sess. (1946), 155 at 157–158. (Emphasis supplied.)

6. Endicott Johnson Corp. v. Perkins, supra.

7. S.Doc.No.248, 79th Cong., 2d Sess., 185 at 206:

"The subsection constitutes a statutory limitation upon the issuance or enforcement of subpoenas in excess of agency authority or jurisdiction. This does not mean, however, that courts should enter into a detailed examination of facts and issues which are committed to agency

authority in the first instance, but should, instead, inquire generally into the legal and factual situation and be satisfied that *the agency could possibly find that it has jurisdiction*." (Emphasis supplied.)

8. S.Doc.No.248, 79th Cong., 2d Sess., 235 at 265:

This report contains substantially the same language as the Senate Judiciary Committee Report, footnote 7, relating to the subject in question. After stating that § 6(c) constitutes a statutory limitation, it points out that upon contest the courts should not enter into a detailed examination, but should " * * * inquire generally into the legal and factual situation and *be satisfied that the agency could lawfully have jurisdiction*." (Emphasis supplied.)

The judgment appealed from is set aside, and the cause remanded with direction that an appropriate order be entered to secure enforcement of the subpœna.

Judgment reversed with direction.