**KILGORE NAT. BANK et al.**
v.
**FEDERAL PETROLEUM BOARD.**
No. 14679.

United States Court of Appeals
Fifth Circuit.
Jan. 15, 1954.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

———◆———

Angus G. Wynne, Dallas, Tex., John D. Glass, Tyler, Tex., Bean & Ford, Kilgore, Tex., Wynne & Wynne, Dallas, Tex., for appellants Kilgore Nat. Bank and W. D. Love.

William M. Steger, U. S. Atty., Tyler, Tex., James R. Lewis, Chairman, Federal Petroleum Board, Kilgore, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

■ This appeal is from an order of the trial court directing compliance with a subpoena duces tecum issued by the Federal Petroleum Board to The Kilgore National Bank and its cashier, W. D. Love, calling for bank records of transactions with, and "cancelled checks" of, E. J. Pryor and his wife, said to be in the bank's possession. This was included within a subpoena as set forth below.[1]

From the verified motion of the Board and the subpoena attached as an exhibit, the trial court was informed that the Board was conducting an investigation into probable violations of the Connally "Hot Oil" Act[2] by Pryor and other named parties. Further, that the records sought "were and are deemed and alleged by your Petitioner to be relevant or material to said matters then and there under consideration and investigation by Petitioner;" that the Board had reasonable cause and grounds to believe that the named parties, contrary to specified regulations, had failed to keep accurate records; that an investigation for the purpose of the Act was necessary and appropriate to determine the question of violation "and the records required to be produced by the said subpoena were relevant, material and appropriate to such investigation and will aid in the enforcement of the provisions of the Act."

Love, the cashier, had appeared before the Board and testified but the bank, expressly at the direction of Pryor, declined to produce the records unless, and until, it was so ordered by the court. The bank, wholeheartedly assuming the defense and the assertion of all rights of the Pryors, its customers, by an unverified answer, emphatically denied the claim of relevancy. The Pryors sought to intervene and tendered a proposed answer in which they likewise denied the relevancy of the records and information sought, and asserted that to permit the production of the records and checks would constitute an unreasonable search, violative of their rights under the Fourth

---

1. "To: The Kilgore National Bank and its Cashier, W. D. Love.

"(a) Bank ledger sheets showing deposits to the account or accounts of E. J. Pryor and Mrs. E. J. Pryor, whether individual, joint, special or otherwise, since March 1, 1950, and all bank deposit slips covering each and every deposit to said account or accounts where the amount of the particular deposit equals or exceeds $500.

"(b) Cancelled checks and drafts in your possession on the date of service hereof, covering any and all withdrawals from or charges to the aforesaid account or accounts during said period.

"(c) Any record made, kept, or used by said bank showing the number of the lock box, if any, rented to either of the aforesaid persons during said period, and also whatever record was made, kept, or used by said bank showing the date or dates during said period that the said lock box, if any, was visited by either of said persons.

"Provided, however, that insofar as it shall be timely made to appear that any of the records hereinabove described bears no relevant relation to the matters under inquiry, as aforesaid, the same shall be exempt from disclosure hereunder."

Complaint is made that the last paragraph of the subpoena leaves the entire demand vague and places an unfair burden on the respondent. We are unable to perceive that this provision, obviously for the convenience of the bank if it desired to undertake any pre-hearing discussion of relevancy, had any such effect.

2. 15 U.S.C.A. § 715 et seq.

Amendment. The trial court denied the motion to intervene. This order is attacked here by the Pryors, and both they and the bank assail the order directing enforcement of the subpoena duces tecum.

From the record, it is crystal clear that the battle lines were laid out, and the fight carried on, around the legal issue of whether the showing of the Board, consisting of the averments of its subpoena and of its motion to the district court for enforcement, furnished a sufficient basis for the court's order when opposed only by the answer of the bank and proposed intervention of the Pryors. The respondents neither introduced nor offered to present any evidence. The case was determined upon the motion papers and the response thereto.

■ The Federal Petroleum Board has been created and exists by virtue of statutory law [3] which evidences clear Legislative intention to vest in it the power of investigating violations, and overseeing enforcement, of the provisions of this statute. To enable such Board to discharge its functions, Congress provided, by adopting, by express reference,[4] the provisions of Section 78u of the Securities Exchange Act,[5] that:

> "For the purpose of any such investigation, or any other proceeding under this chapter, any member of the Commission or any officer designated by it is empowered to administer oaths and affirmations, subpena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records which the Commission deems relevant or material to the inquiry.
> * * * * "

This court has analogized the investigative powers of the Board "to those of a grand jury." Genecov v. Federal Petroleum Board, 5 Cir., 146 F.2d 596. See also Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; Zinser v. Federal Petroleum Board, 5 Cir., 148 F.2d 993; President of the United States v. Skeen, 5 Cir., 118 F.2d 58, 59.[6] It therefore seems clear that the Board's stated finding of relevancy bears at least a prima facie stamp of correctness and is not required to be rejected by the court from which the Board must seek enforcement of its subpoena upon the opposition only of a plead denial.[7] When conducting investigations within the limit of its lawfully granted authority, the Board does not occupy the position of a party to litigation and thus come within the axiomatic rule of adversary proceedings, relied upon by appellants, that generally upon the movant rests the burden of sustaining his right to proceed. And in any instance of palpable irrelevancy, or other unduly burdensome condition, the court, of course, need not, and presumptively will not, sustain such a demand.[8] The court is fully empowered to protect the citizen from arbitrary and oppressive action. The Board is a public body and as such bears the responsibility which constantly rests upon all authority. It is likewise entitled to the presumption of correctness of acts in the discharge of official duties until the contrary is made to appear. Hence, like the establishment of unlawful, capricious, or arbitrary action claimed to be attempted by virtue of office,[9] one who challenges the Board's finding on a question within the scope of its powers which the Congress has authorized it to initially determine, must

---

3. Footnote 2, supra.

4. 15 U.S.C.A. § 715h(a).

5. 15 U.S.C.A. § 78a et seq.

6. Even if it is a grand jury restricted in power of investigation to one field, the prevention of violation, and enforcement, of the provisions of the Connally "Hot Oil" statute, supra, there is not even a suggestion here that the investigation un-

der way is ultra vires the statutory power of the Board.

7. Compare Newfield v. Ryan, 5 Cir., 91 F. 2d 700.

8. Compare N. L. R. B. v. Anchor Rome Mills, 5 Cir., 197 F.2d 447.

9. Mississippi Road Supply Co. v. Walling, 5 Cir., 136 F.2d 391, 394.

make a satisfactory showing that the Board has erred before he can claim a right to prevail.

 Ordinarily, the question of the right of intervention of parties should be first determined. For brevity's sake, we have delayed discussion of this question until the controlling point was ruled. There was no lack of representation by the respondents of such rights as the proposed intervenors had. Manifestly, there was close and thorough cooperation and agreement between them as to the manner and means by which defense against response to the subpoena should be conducted. The questions sought to be presented by the intervention were in all substantial respects the same as those urged by the bank. If the bank could not properly assert the customers' claimed right under the Fourth Amendment no harm resulted, for the demand, by lawful authority, and which could be enforced only by court order, and then as to papers not in the proposed intervenors' possession, did not propose a descent to an unreasonable search. We do not hold that in no event would a depositor such as these parties be entitled to intervene to protect their rights. Circumstances might exist which would require that the third party, as the real party at interest, be permitted to intervene. But none are present here and we will not discuss the question academically. Furthermore, it is clear that if any technical error was committed in denying the motion for intervention it did not prejudice the depositors and does not justify a reversal of the case.

██ The contention of appellants that by reason of noncompliance with the publication provisions of the Administrative Procedure Act [10] the Board was disentitled to issue and enforce its subpoena is not meritorious. The Board's authority in this case is derived from an express statute. Endicott-Johnson Corp. v. Perkins, 317 U.S. 501, 509, 63 S.Ct. 339, 87 L.Ed. 424. See also Bland Lumber Co. v. N. L. R. B., 5 Cir., 177 F.2d 555, 558; Tobin v. Banks & Rumbaugh, 5 Cir., 201 F.2d 223, 226.

The judgment of the trial court is Affirmed.

HUTCHESON, Chief Judge (concurring specially).

I concur in the opinion that the judgment should be affirmed and in the reasons given therefor. I think though that our mandate should show that the affirmance of the judgment is without prejudice to the right of the appellant, conferred by the subpoena itself in the last clause, to make timely objection to and to have excluded from the record in the inquiry all checks or other documents which are irrelevant to the inquiry. I am of the opinion that this is the effect of the judgment below and of our affirmance of it. I think, though, that our opinion or our mandate should make this clear.