**NATIONAL LABOR RELATIONS BOARD, Applicant,**

v.

**C.C.C. ASSOCIATES, INC., John E. Wilson, Ira Conklin, Charles Conklin, W. H. Conklin, W. C. Conklin and Ira Conklin, Jr., Respondents.**

United States District Court
S. D. New York.

Sept. 12, 1961.

Stuart Rothman, Washington, D. C., for applicant; Samuel M. Kaynard, Regional Atty., National Labor Relations Bd., New York City, of counsel.

Katz & Wolchok, New York City, for respondents.

METZNER, District Judge.

The National Labor Relations Board has applied to this court, pursuant to Section 11(2) of the National Labor Relations Act, 29 U.S.C.A. § 161(2), for an order enforcing certain subpoenas ad testificandum and duces tecum issued and served upon C.C.C. Associates, Inc., John E. Wilson, Ira Conklin, Charles Conklin, W. H. Conklin, W. C. Conklin and Ira Conklin, Jr.

The board, pursuant to charges filed with it, issued two complaints against Cousins Associates, Inc., alleging unfair labor practices. The board, on November 12, 1959, sustained the complaints and ordered the corporation, its officers, agents, successors and assigns to cease and desist and take specific remedial action, including reinstatement of and back pay to certain employees. 125 N.L.R.B. 73. On October 21, 1960 the Court of Appeals for the Second Circuit entered a decree enforcing the order of the board and directing the corporation, its officers, agents, successors and assigns to abide by the direction contained in the order of the board. On April 28, 1961 the regional director of the board issued a back-pay specification and notice of hearing, which was served upon Cousins As-

sociates, Inc., C.C.C. Associates, Inc., Charles Conklin, Ira Conklin and John Wilson. The specification alleged that by reason of certain facts C.C.C. Associates, Inc. was the successor of Cousins Associates, Inc. and was responsible for carrying out the back-pay provisions of the order. In addition, the specification alleged that, in the alternative, the three named individuals illegally prevented and frustrated Cousins Associates, Inc. from paying the required back pay and are therefore jointly and severally liable. On May 31, 1961 the board issued the subpoenas in question.

Respondents denied the responsibility of C.C.C. Associates, Inc. and Ira Conklin, Charles Conklin and John Wilson under the board's order and the Second Circuit's decree. In addition, the persons named in the subpoenas appeared specially and contested the board's jurisdiction to litigate the issue of successorship and officer responsibility in a back-pay hearing which they claim is limited to determining the amount of back pay. They moved to revoke the subpoenas on the ground of irrelevancy to any matter properly before the trial examiner. The trial examiner denied the motions and ruled that there was jurisdiction to litigate these issues. On June 22, 1961 the board, after granting permission to appeal, sustained the trial examiner's rulings.

█ This court is authorized by Section 11(2) to enforce subpoenas issued upon applications to the National Labor Relations Board. The respondents in this proceeding urge that the court not exercise this power since they claim that the board is without jurisdiction to do anything else but determine the amount of back pay and cannot go into the question of liability of successors or transferees of the corporation originally cited by the order of the board and confirmed by the Court of Appeals. The decree of the Court of Appeals directed that the order of the National Labor Relations Board

"be enforced, and that Cousins Associates, Inc., its officers, agents, successors and assigns, abide by and perform the direction of the Board in said order contained."

It would appear, therefore, that the investigation by the board is in conformity with the decree of the Court of Appeals. The subpoenas issued request evidence and testimony "touching the matter under investigation or in question" as provided in Section 11(2).

 In any event, the question of successorship and officers' responsibility is properly litigable before the board in the present posture of the case. The board's jurisdiction is determined by the board in the first instance and reviewed by the Court of Appeals pursuant to the comprehensive statutory scheme. Perkins v. Endicott Johnson Corp., 2 Cir., 1942, 128 F.2d 208, 226, affirmed 317 U. S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Tobin v. Banks & Rumbaugh, 5 Cir., 1953, 201 F.2d 223; N. L. R. B. v. Roddy Mfg. Co., D.C.E.D.Tenn.1958, 165 F.Supp. 412.

Petition granted. So ordered.