**NATIONAL LABOR RELATIONS BOARD, on the Relation of Kohler Co., Applicant-Appellee,**

v.

**John GUNACA, Respondent-Appellant.**

**No. 11641.**

United States Court of Appeals Seventh Circuit.

Feb. 24, 1956.

Rehearing Denied March 30, 1956.

D. Charles Marston, Detroit, Mich., Max Raskin, Milwaukee, Wis., Rothe, Marston, Mazey, Sachs & O'Connell, Detroit, Mich., for appellant.

David P. Findling, Associate Gen. Counsel, N. L. R. B., Norton J. Come, Atty., N. L. R. B., Washington, D. C., John P. von Rohr, N. L. R. B., Chicago, Ill., Jerome Powell, Washington, D. C., Matthew E. Murray, Chicago, Ill., Lyman C. Conger, Kohler, Wis., Theophil C. Kammholz, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Irving M. Herman, Atty., N. L. R. B., William F. Howe, Washington, D. C., Gall, Lane & Howe, Washington, D. C., of counsel, for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

This proceeding was instituted in the United States District Court for the Eastern District of Wisconsin by the National Labor Relations Board at the request of Kohler Co., to enforce a subpoena ad testificandum previously issued to the respondent Gunaca by a trial examiner of the Board. From an order of the District Court allowing enforcement of the subpoena, the appeal comes to this court. The order under attack was entered by District Judge K. P. Grubb, following the rendition of a well reasoned opinion. National Labor Relations Board, on Relation of Kohler Co. v. Gunaca, 135 F.Supp. 790.

The issues urged as reasons for reversal are substantially the same as those presented and considered in the court below. The opinion of Judge Grubb contains an adequate statement of the facts, the issues and the court's reasoning in response thereto. After a careful study of his opinion, we are satisfied that his reasoning is sound and that the correct result was reached. This being the situation, no good purpose could be served in a discussion by us of the same issues. We, therefore, adopt the opinion of the District Court, supplemented by a brief discussion relative to the issue of venue and jurisdiction over the person of respondent.

This supplementation appears to be in order by reason of respondent's strong reliance upon Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 69 L.Ed. 1119, which respondent con-

tends requires a reversal. The Robertson case was not mentioned in the District Court and, insofar as the record discloses, has been cited and relied upon for the first time in this court. It is true there is similarity between the facts of Robertson and those here but that is as far as the similarity extends. In that case the Railroad Labor Board invoked the aid of a District Court in the Northern District of Illinois to obtain by subpoena the presence in that court of respondent, a resident and inhabitant of the Northern District of Ohio. The question for decision was whether the District Court acquired jurisdiction over the respondent. Admittedly, Congress had not conferred express jurisdiction, but it was argued by the Board that it had impliedly done so. The court rejected this contention and reversed the District Court, which had held adversely to the respondent.

The importance here of Robertson resides in the fact that the Supreme Court recognized that Congress had the power to authorize the bringing of a suit in any District Court and to provide that process run into every part of the United States. Thus, the court stated, 268 U.S. at page 622, 45 S.Ct. at page 622:

> "Congress clearly has the power to authorize a suit under a federal law to be brought in any inferior federal court. Congress has power, likewise, to provide that the process of every District Court shall run into every part of the United States."

The court, however, on the same page pointed out that Congress had not done so under the Act there relied upon, that is, the Transportation Act of 1920, 41 Stat. 456, and that was the sole reason for reversal.

In contrast, Congress has under the National Labor Relations Act, 29 U.S. C.A. § 151 et seq., exercised the power which the Supreme Court in Robertson held it possessed by providing for the issuance of a subpoena upon application by the Board to any District Court "within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business". In the instant case the inquiry was being carried on in the Wisconsin jurisdiction and, under the specific language of the statute, the Wisconsin court had jurisdiction to entertain the Board's application. This plain statutory grant cannot be cast aside, as respondent appears to argue, because the Board was also authorized to make application to a District Court of Michigan.

Congress having bestowed venue upon the District Court of Wisconsin, at the same time provided the means of obtaining jurisdiction over the person of respondent by providing for service of process upon him in Michigan, the jurisdiction in which he resided and was found.

The order appealed from is

Affirmed.