NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

DUVAL JEWELRY COMPANY OF MIAMI, Inc., Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

DUVAL JEWELRY COMPANY, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

JENKINS AND SONS, Inc., Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

JENKINS JEWELRY COMPANY, Respondent.

NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

Oliver A. JENKINS, Respondent.

Civ. Nos. 6759–M to 6763–M.

United States District Court
S. D. Florida, Miami Division.
March 30, 1956.

Lloyd R. Fraker, Chief Law Officer, Tenth Region, National Labor Relations Board, Atlanta, Ga., and Allen Sinsheimer, Jr., Atty., Tenth Region, National Labor Relations Board, Atlanta, Ga., for petitioner, National Labor Relations Board.

Hamilton & Bowden, Jacksonville, Fla., and Theo Hamilton, Jacksonville, Fla., of counsel, for respondents.

CHOATE, District Judge.

This matter comes before me to enforce compliance with subpoenas ad testificandum and duces tecum issued preparatory to a National Labor Relations Board representation hearing. The subpoenas in question were directed to the above-named Respondents in these causes, who are also co-respondents in the National Labor Relations Board Case No. 10–RC–3333. The question of the validity and propriety of the subpoenas came on to be heard before the Court on the 2nd day of March, 1956, pursuant to 29 U.S.C.A. § 161, and the Court, having heard argument of counsel and having examined the very able briefs submitted subsequent to the hearing by both sides, is of the opinion that the subpoenas sought to be enforced in these causes should be quashed for the following reasons.

■■ From the face of the subpoenas duces tecum (Exhibit "8" attached to the Petition in each of these causes) it is clear that they are unreasonable, burdensome, and oppressive. They were issued on the 30th day of December, 1955, and directed to persons in Jacksonville, Florida. They required the production of voluminous books and records essential in the operation of the Respondents' businesses, on the 10th day of January, 1956, at a representation hearing in Miami, Florida, located some 350 miles from Jacksonville, Florida. The extreme shortness of time within which the Respondents had to gather and produce their many records becomes quite apparent when it is appreciated that not only is the gathering of the records time-consuming, but in addition a great deal of time would be required by the Respondents to copy certain essential parts of the subpoenaed records in order that their respective businesses would not suffer because of the absence of the books and records. Subpoenas duces tecum requiring the production of books and records essential in the operation of a business should provide ample time for the business to prepare for the absence of those books and records. Patently no such time was provided herein. For that reason the subpoenas duces tecum should be quashed.

A more serious question arises over the validity of the issue of the subpoenas. Section 161 of Title 29, U.S.C.A. provides " * * * The Board, or any member thereof, shall upon application of any party to such proceedings (representation hearings or unfair labor practice hearings), forthwith issue to such *party* subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. * * *" (Emphasis supplied.)

■ Nowhere does Congress place any new meaning to the term "party" as used in the said Section 161 but the National Labor Relations Board in its Rules and Regulations (29 C.F.R. § 102.8) attempts to originate a new concept in Anglo-American jurisprudence by attempting to make its Regional Directors a "party" in all proceedings in their respective regions. Congress nowhere has given the Board the power to enlarge by rule-making the clear-meaning terms employed in the statute in question, nor does the statute contemplate any "Board" actions except to enforce the Board's findings. Nowhere in the Common Law is there any basis for a construction of the word "party" to include persons directly associated with the "disinterested" tribunal before which tribunal both sides (here union and management) in an adversary proceeding are

submitting, or are about to submit, their causes. The term "party" does have a universally accepted meaning and the attempt of the Board (the tribunal) to enlarge that meaning by rule to include its Regional Directors is in my opinion a nullity.

In the cases at bar the subpoenas in question (both ad testificandum and duces tecum) were issued pursuant to the request of one Frank E. Hamilton, Attorney for John C. Getreu, as Regional Director of the National Labor Relations Board. Inasmuch as the subpoenas in question were not issued upon application of a "party" to the representation proceedings before the National Labor Relations Board hearing officer, those subpoenas were not, in my opinion, issued according to law and should be quashed. It is, therefore

Ordered and adjudged that the subpoenas sought to be enforced herein (Civil cases No. 6759–M; 6760–M; 6761–M; 6762–M; and 6763–M) be and the same are hereby quashed.