# NATIONAL LABOR RELATIONS BOARD *v.* DUVAL JEWELRY COMPANY OF MIAMI, INC., ET AL.

No. 234.   Argued May 20, 1958.—Decided June 9, 1958.

*Norton J. Come* argued the cause for petitioner. With him on the brief were *Solicitor General Rankin, Jerome D. Fenton, Stephen Leonard, Dominick L. Manoli* and *Duane Beeson.*

*Theo Hamilton* argued the cause and filed a brief for respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This controversy grows out of an effort of a union to obtain a representation election [1] among the employees of respondent, Duval Jewelry Co., a retail store. The latter moved to dismiss on the ground that its interstate operations were inadequate to meet the jurisdictional

---

[1] Section 9 (c) (1) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U. S. C. § 159, provides in part:
"Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board—

.    .    .    .    .

"the Board shall investigate such petition and if it has reasonable cause to believe that a question of representation affecting commerce exists shall provide for an appropriate hearing upon due notice. Such hearing may be conducted by an officer or employee of the regional office, who shall not make any recommendations with respect thereto. If the Board finds upon the record of such hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof."

tests of the Act. Five subpoenas *duces tecum* and one subpoena *ad testificandum* were issued.[2] The persons to whom the subpoenas were directed moved before both the Board and the hearing officer to revoke the sub-

[2] Section 11 (1) of the Act provides in part:
"For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10—

"(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application."

Section 102.58 (c) of the Board's Rules and Regulations, 29 CFR, 1958 Cum. Pocket Supp., § 102.58 (c), provides:

"Applications for subpenas may be filed in writing by any party, with the regional director if made prior to hearing, or with the hearing officer if made at the hearing. Applications for subpenas may be made ex parte. The regional director or the hearing officer, as the case may be, shall forthwith grant the subpenas requested. Any person subpenaed, if he does not intend to comply with the subpena, shall, within 5 days after the date of service of the subpena, petition in writing to revoke the subpena. Such petition shall be filed with the regional director who may either rule upon it or refer it for ruling to the hearing officer: *Provided, however,* That if the evidence called for is to be produced at a hearing and the hearing has opened, the petition to revoke shall be filed with the hearing officer. Notice of the filing of petitions to revoke shall be promptly given by the regional director or hearing officer, as the case may be, to the party at whose request the subpena was issued. The regional director or the hearing officer, as the case may be, shall revoke the subpena if, in his opinion, the evidence whose production is required does not relate to any matter under investigation or in question in the proceedings or the subpena does not describe with sufficient particularity the evidence whose production is required. The regional director or the hearing officer, as the case may be, shall make a simple statement

poenas.[3]   The Board refused to entertain the motions to revoke on the grounds that those motions, under its Rules and Regulations,[4] require an initial ruling by the hearing officer.   That officer after granting an opportunity for a hearing denied the motions to revoke.   That ruling was not appealed; and respondents refused to comply with the subpoenas.   Thereupon the Board instituted this proceeding in the District Court for enforcement of them.[5]

of procedural or other grounds for his ruling.  The petition to revoke, any answer filed thereto, and any ruling thereon, shall not become part of the record except upon the request of the party aggrieved by the ruling.  Persons compelled to submit data or evidence are entitled to retain or, on payment of lawfully prescribed costs, to procure, copies or transcripts of the data or evidence submitted by them."

For the counterpart of this regulation in unfair labor practice cases see § 102.31.

The subpoenas in the instant case were issued by the regional director upon application of the Board's attorney assigned to the case.   These subpoenas contained the seal of the Board and the facsimile signature of a Board member.  See § 102.31 (a) of the Board's Rules and Regulations.

[3] Section 11 (1) of the Act contains the following provision respecting the revocation of subpoenas:

"Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required."

[4] See § 102.58 (c), *supra*, note 2.

[5] Section 11 (2) of the Act provides:

"In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides

The District Court quashed the subpoenas holding them unreasonable and oppressive. It also held they had been invalidly issued. 141 F. Supp. 860. The Court of Appeals reversed the District Court on the subpoena *ad testificandum;* and no question concerning it is before us. But it upheld the District Court as respects the subpoenas *duces tecum,* on the ground that the Board alone could rule on motions to revoke subpoenas *duces tecum* in representation proceedings. 243 F. 2d 427. The case is here on a writ of certiorari, 355 U. S. 809, which we granted because of a conflict among the Circuits. See, *e. g., Labor Board* v. *Lewis,* 249 F. 2d 832, 836–837; *Labor Board* v. *Gunaca,* 135 F. Supp. 790, aff'd 230 F. 2d 542.

There is a degree of delegation of authority in connection with a motion to revoke a subpoena *duces tecum.* The Board's Rules and Regulations provide that a motion to revoke is first heard by the regional director or by the hearing officer.[6] But the ruling of that subordinate official is not final. Machinery is provided in the Rules for an appeal from that ruling to the Board.[7]

---

or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof."

[6] See § 102.58 (c), *supra,* note 2.

[7] Section 102.57 (c) provides:

"All motions, rulings, and orders shall become a part of the record, except that rulings on motions to revoke subpenas shall become a part of the record only upon the request of the party aggrieved, as provided in § 102.58 (c). Unless expressly authorized by the rules and regulations in this part, rulings by the regional director and by the hearing officer shall not be appealed directly to the Board *except by special permission of the Board,* but shall be considered by the Board when it reviews the entire record. *Requests to the Board for special permission to appeal* from such rulings of the

We are advised that in practice the aggrieved party asks the Board for leave to appeal, stating the grounds relied upon. The Board in deciding whether to grant the appeal considers the merits. If no substantial question has been raised, leave to appeal is denied. If a substantial question is presented, leave to appeal is granted. Sometimes when leave to appeal is granted, action is forthwith taken on the merits, the ruling of the hearing officer being reversed or modified.[8] Or where an immediate ruling by the Board on a motion to revoke is not required, the Board defers its ruling until the entire case is transferred to it in normal course.[9]

Section 11 (1) of the Act, as noted,[10] gives a person served with a subpoena *duces tecum* the right to "petition the Board to revoke"; and that section provides that

---

regional director or the hearing officer shall be filed promptly, in writing, and shall briefly state the grounds relied on. The moving party shall immediately serve a copy thereof on each other party." (Italics added.)

The foregoing regulation applies in representation proceedings. For its counterpart in unfair labor practice cases see § 102.26.

[8] The Board has submitted the following statistics:

"An analysis of the Board's records for the three-year period May 1, 1955, through April 30, 1958, reveals that there were thirteen requests for permission to appeal specially from rulings by hearing officers and trial examiners on petitions to revoke subpenas; that five of these requests were granted by the Board; and that on four of these appeals the hearing officer or trial examiner was reversed and the subpenas revoked, and that on one appeal the hearing officer or trial examiner was sustained."

[9] See note 2, *supra*. In *Hertner Electric Co.*, 115 N. L. R. B. 820, 821–822; *Jamestown Sterling Corp.*, 106 N. L. R. B. 466, 469; *International Furniture Co.*, 106 N. L. R. B. 127, 128, n. 2; *Bell Aircraft Corp.*, 98 N. L. R. B. 1277, 1282, n. 4; *Burnup & Sims, Inc.*, 95 N. L. R. B. 1130, n. 1; *Morrison Turning Co.*, 83 N. L. R. B. 687, 688, the Board decided the cases on the merits and also reviewed the decisions of the hearing officer or trial examiner to either revoke or refuse to revoke a subpoena.

[10] See note 3, *supra*.

"the Board shall revoke . . . such subpena if in its opinion" the statutory requirements are not satisfied. The limited nature of the delegated authority distinguishes the case from *Cudahy Packing Co.* v. *Holland,* 315 U. S. 357, and *Fleming* v. *Mohawk Wrecking Co.,* 331 U. S. 111, where the person endowed with the power to issue subpoenas delegated the function to another. While there is delegation here, the ultimate decision on a motion to revoke is reserved to the Board, not to a subordinate. All that the Board has delegated is the preliminary ruling on the motion to revoke. It retains the final decision on the merits. One who is aggrieved by the ruling of the regional director or hearing officer can get the Board's ruling. The fact that special permission of the Board is required for the appeal [11] is not important. Motion for leave to appeal is the method of showing that a substantial question is raised concerning the validity of the subordinate's ruling. If the Board denies leave, it has decided that no substantial question is presented. We think that no more is required of it under the statutory system embodied in § 11. No matter how strict or stubborn the statutory requirement may be, the law does not "preclude practicable administrative procedure in obtaining the aid of assistants in the department." See *Morgan* v. *United States,* 298 U. S. 468, 481; *Eagles* v. *Samuels,* 329 U. S. 304, 315, 316. It is not of help to say that on some matters the Board has original jurisdiction, on others appellate jurisdiction. We are dealing with a matter on which the Board has the final say. As in the case of many other matters coming before hearing examiners, it merely delegates the right to make a preliminary ruling. Much of the work of the Board necessarily has to be done through agents. Section 5 of the Act provides that "The Board may, by one or more

---

[11] See note 7, *supra.*

of its members or by such agents or agencies as it may designate, prosecute any inquiry necessary to its functions in any part of the United States." As we have seen,[12] hearings on these representation cases "may be conducted by an officer or employee of the regional office." Certainly preliminary rulings on subpoena questions are as much in the purview of a hearing officer as his rulings on evidence and the myriad of questions daily presented to him. He does not, of course, have the final word. Ultimate decision on the merits of all the issues coming before him is left to the Board. That is true of motions to revoke subpoenas *duces tecum,* as well as other issues of law and fact. That degree of delegation seems to us wholly permissible under this statutory system. We need not go further and consider the legality of the more complete type of delegation to which most of the argument in the case has been directed.

The judgment is reversed and the cause is remanded to the Court of Appeals for proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE WHITTAKER, concurring.

I concur in the Court's decision, but desire briefly to state my reasons.

Although in a strict legal sense the Board has not delegated its duty under § 11 (1) to rule upon motions to revoke subpoenas *duces tecum,* but has, by § 102.58 (c) of its Rules and Regulations, merely given to its regional directors, hearing officers or examiners the task of making preliminary or interim rulings on such motions—recognizing, in § 102.57 (c) of its Rules and Regulations, its statutory duty finally to rule upon such motions either upon an immediate, though discretionary, interlocutory appeal *or* upon review of the completed record in the

---

[12] See § 9 (c) (1), *supra,* note 1.

course of its decision of the whole proceeding—yet, as a practical matter, neither such discretionary appeal nor review of the completed record affords any certainty of the protection specified by Congress, in § 11 (1), to be given by the Board against an improper or oppressive subpoena *duces tecum.* For, notwithstanding its duty under § 11 (1), the Board, under § 102.57 (c) of its Rules and Regulations, may refuse to allow such interlocutory appeal and, hence, refuse to rule upon the motion to revoke in advance of the time fixed by such subpoena for compliance. It is obvious that, after the illegal or oppressive subpoena has been enforced, the Board on its review of the completed record can no more relieve the consummated oppression than it can unring a bell. But, as the Court's opinion points out, Congress has provided, in § 11 (2), that the Board's subpoenas may be enforced *only* by a United States District Court, and thus an effective means exists to revoke an illegal or oppressive subpoena *duces tecum* before the damage has been done. For this practical reason I accept the legalisms of the Board's nondelegation argument and concur in the decision of the Court.