**NATIONAL LABOR RELATIONS
BOARD, Applicant,**

v.

**RODDY MANUFACTURING COMPANY,
Respondent.**

**No. 3386.**

United States District Court
E. D. Tennessee, N. D.

Aug. 11, 1958.

Wm. J. Rains, Atlanta, Ga., for applicant.

Wm. M. Pate, % Nall, Sterne, Candenhead & Dennis, Atlanta, Ga., Harold M. Humphreys, Chattanooga, Tenn., for respondent.

ROBERT L. TAYLOR, District Judge.

The National Labor Relations Board has filed an application for an order requiring the Roddy Manufacturing Company to obey a subpœna duces tecum issued by the applicant and duly served on the respondent. For convenience the National Labor Relations Board will be referred to as the Board; the National Labor Relations Act as the Act, and the Roddy Manufacturing Company as the Company.

The National Labor Relations Board was created pursuant to the National Labor Relations Act as amended in 1947. 29 U.S.C.A. § 151 et seq.

Jurisdiction is based on Sec. 11(2), 29 U.S.C.A. § 161(2).[1]

The subpœna was issued in the course of an unfair labor practice proceeding that was instituted by the Board under Sec. 10(b) of the Act, 29 U.S.C.A. § 160(b).[2]

Pending before the Board were charges of unfair labor practices allegedly committed by the Company and which were made by Local 621, Chauffeurs, Teamsters & Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL-CIO.

On July 16, 1957, as provided by Sec. 11(1),[3] and at the request of counsel for the Tenth Regional Director, the Board caused to be issued its subpœna duces tecum requiring the Company to produce its records before an examiner of the Board in Knoxville on August 6, 1957, or in lieu of producing such records, make them available to a representative of the Board for inspection. The subpœna was served on the Company in accordance with Sec. 11(4) of the Act.[4]

July 17, 1957, the Company filed a petition to revoke the subpœna pursuant to Sec. 11(1) of the Act. The petition was referred to the Board's chief trial examiner, along with the regional director's answer for a ruling. The trial examiner, on July 25, 1957, issued an order

1. "(2) In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, or the District Court of the United States for the District of Columbia, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof."

2. "(b) Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the Board or a member thereof, or before a designated agent or agency, at a place therein fixed, not less than five days after the serving of said complaint. * * *"

3. "(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing." 29 U.S.C.A. Sec. 161.

4. "(4) Complaints, orders, and other process and papers of the Board, its member, agent, or agency, may be served either personally or by registered mail or by telegraph or by leaving a copy thereof at the principal office or place of business of the person required to be served." 29 U.S.C.A. Sec. 161.

denying the petition to revoke. On July 31, 1957, the Company requested permission to appeal to the Board from the trial examiner's ruling and the request was denied by the Board on August 26, 1957.

The Company has continued to refuse to comply with the subpoena and has advised the Board that it will not comply unless ordered to do so by the Court.

The Board contends that such refusal constitutes contumacious conduct within the meaning of Sec. 11(2) of the Act.

Pursuant to the provisions of Sec. 6 of the Act, the Board has issued rules and regulations pertaining to the conduct of its operations and provided for amendments thereto.[5]

Authority for such rules and regulations may also be found in the Administrative Procedural Act, 5 U.S.C.A. § 1002.

By answer the Company contends that the application for the enforcement of the subpoena should be denied for the following reasons:

1. It is prematurely brought inasmuch as the Board itself has not ruled upon its petition.

2. The unfair labor practice proceeding before the Board is invalid because the information on file with the Board shows that the Labor Union which made the charge that prompted the complaint by the Board had not complied with Section 9(f, g) of the Act. 29 U.S.C.A. § 159(f, g).[6]

3. The proceeding before the Board is invalid because the Board has refused to permit the company to litigate the fact of the labor organizations non-compliance with Section 9(f, g) of the Act at the time the Board issued the complaint.

4. The proceeding before the Board is invalid because its objective is to require the Company to recognize the charging labor organization as the collective bargaining agent of the Company's employees in violation of an injunction issued by the Chancery Court of Knox County, Tennessee.

Section 11(1) of the Act authorizes the Board or its agents to examine the books of any party under investigation. This provision directs the Board or any member thereof to issue a subpoena requiring the attendance of witnesses, or the production of any evidence upon application of any party to such proceeding. Any party served with a subpoena to produce evidence in his possession may, within five days, file a petition with the Board to revoke, and the Board shall

---

5. "Sec. 6. The Board shall have authority from time to time to make, amend, and rescind, in the manner prescribed by the Administrative Procedure Act, such rules and regulations as may be necessary to carry out the provisions of this Act."

6. "(f) No investigation shall be made by the Board of any question affecting commerce concerning the representation of employees, raised by a labor organization under subsection (c) of this section, no petition under section 9(e) (1) shall be entertained, and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10, unless such labor organization and any national or international labor organization of which such labor organization is an affiliate or constituent unit (A) shall have prior thereto filed with the Secretary of Labor copies of its constitution and bylaws and a report, in such form as the Secretary may prescribe, showing—"

"(g) It shall be the obligation of all labor organizations to file annually with the Secretary of Labor, in such form as the Secretary of Labor may prescribe, reports bringing up to date the information required to be supplied in the initial filing of subsection (f) (A) of this section, and to file with the Secretary of Labor and furnish to its members annually financial reports in the form and manner prescribed in subsection (f) (B). No labor organization shall be eligible for certification under this section as the representative of any employees, no petition under section 9(e) (1) shall be entertained, and no complaint shall issue under section 10 with respect to a charge filed by a labor organization unless it can show that it and any national or international labor organization of which it is an affiliate or constituent unit has complied with its obligation under this subsection."

revoke if the evidence sought does not relate to any matter under investigation in the proceeding, or if in its opinion the subpœna inadequately describes the evidence sought. Any member of the Board, or any agent designated by the Board, may administer oaths and receive evidence. The Act does not specifically authorize the Board to delegate authority to any agent to pass on a petition for revocation. Nor does the Act specifically provide that the Board is without authority to designate an agent or examiner to pass on a petition for revocation.

Section 102.31(a) and (b) of the Board's rules and regulations provide that any member of the Board may issue subpœnas for production of books and records and that if an application for subpœnas is filed prior to the hearing, such application shall be filed with the regional director. Applications filed during the hearing shall be filed with the trial examiner. Either the regional director or the trial examiner shall grant the application for a subpœna on behalf of any member of the Board. Any person subpœnæd shall within five days from the date of service file a petition to revoke if he does not intend to comply with it. If the petition to revoke is made prior to the hearing, it shall be filed with the regional director, and the regional director shall refer the petition to the trial examiner, or the Board, for a ruling. Petitions to revoke that are filed during the hearing shall be filed with the trial examiner, and the trial examiner, or the Board, shall revoke the subpœna if the evidence sought does not

relate to any matter under investigation in the proceedings, or if it does not describe with particularity the evidence sought. The rules and regulations of the Board are published in the Federal Register (16 F.R. 1934, amendments published 16 F.R. 1969, 11636; 17 F.R. 4982, 8503; 18 F.R. 7174, 7185, 8193; 19 F.R. 1259; 20 F.R. 5914; 21 F.R. 697).

Courts may take judicial notice of these rules and regulations. 44 U.S.C.A. § 307.

Trial Examiners are given specific authority to pass on petitions to revoke subpœnas under Sec. 102.35 of the Board's rules.[7]

Section 102.26 provides that appeals from rulings of the trial examiner may not be made to the Board without its special permission, and that rulings on motions to revoke subpœnas shall become a part of the record only upon the request of the aggrieved party and as provided by Sec. 102.31.[8]

 Conflict among the circuits on the question of legality of the Board's procedure in referring petitions to revoke subpœnas duces tecum to the trial examiner for ruling was resolved by the Supreme Court in the two recent cases decided June 9, 1958. The Court held that the referral or delegation to the examiner to rule on the petition to revoke was permissible under the National Labor Relations Act as amended.

In the case of National Labor Relations Board v. Duval Jewelry Company, 1957, 357 U.S. 1, 78 S.Ct. 1024, 1027, 2 L.Ed.

---

7. "* * * The Trial Examiner shall have authority, with respect to cases assigned to him, between the time he is designated and transfer of the case to the Board, subject to the Rules and Regulations of the Board and within its powers:
(b) to grant applications for subpenas.
(c) to rule upon petitions to revoke subpenas." 29 C.F.R.

8. "* * * Unless expressly authorized by the Rules and Regulations, rulings by the regional director and by the trial examiner on motions, by the trial examiner on objections, and orders in connection

therewith, shall not be appealed directly to the Board except by special permission of the Board, but shall be considered by the Board in reviewing the record, if exception to the ruling or order is included in the statement of exceptions filed with the Board, pursuant to section 102.46. Requests to the Board for special permission to appeal from such rulings of the regional director or the trial examiner shall be filed promptly, in writing, and shall briefly state the grounds relied on. The moving party shall immediately serve a copy thereof on each other party." 29 C.F.R.

2d 1097, which was a representation proceeding, the Court said:

"Section 11(1) of the Act, as noted, gives a person served with a subpœna duces tecum the right to 'petition the Board to revoke'; and that section provides that 'the Board shall revoke * * * such subpena if in its opinion' the statutory requirements are not satisfied. The limited nature of the delegated authority distinguishes the case from Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895, and Fleming v. Mohawk Wrecking Co., 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375, where the person endowed with the power to issue subpœnas delegated the function to another. While there is delegation here, the ultimate decision on a motion to revoke is reserved to the Board, not to a subordinate. All that the Board has delegated is the preliminary ruling on the motion to revoke. It retains the final decision on the merits. One who is aggrieved by the ruling of the regional director or hearing officer can get the Board's ruling. The fact that special permission of the Board is required for the appeal is not important. Motion for leave to appeal is the method of showing that a substantial question is raised concerning the validity of the subordinate's ruling. If the Board denies leave, it has decided that no substantial question is presented. We think that no more is required of it under the statutory system embodied in § 11. No matter how strict or stubborn the statutory requirement may be, the law does not 'preclude practicable administrative procedure in obtaining the aid of assistants in the department.' See Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288; Eagles v. Samuels, 329 U.S. 304, 315, 316, 67 S.Ct. 313, 319, 91 L.Ed. 308. It is not of help to say that on some matters the Board has original jurisdiction, on others appellate jurisdiction. We are dealing with a matter on which the Board has the final say. As in the case of many other matters coming before hearing examiners, it merely delegates the right to make a preliminary ruling. Much of the work of the Board necessarily has to be done through agents. Section 5 of the Act provides that 'The Board may, by one or more of its members or by such agents or agencies as it may designate, prosecute any inquiry necessary to its functions in any part of the United States.' * * * As we have seen hearings on these representation cases 'may be conducted by an officer or employee of the regional office.' Certainly preliminary rulings on subpœna questions are as much in the purview of a hearing officer as his rulings on evidence and the myriad of questions daily presented to him. He does not, of course, have the final word. Ultimate decision on the merits of all the issues coming before him is left to the Board. That is true of motions to revoke subpœnas duces tecum, as well as to other issues of law and fact. That degree of delegation seems to us wholly permissible under this statutory system. We need not go further and consider the legality of the more complete type of delegation to which most of the argument in the case has been directed."

The other case of Lewis v. National Labor Relations Board, 357 U.S. 10, 78 S.Ct. 1029, 1030, 2 L.Ed.2d 1103, was an unfair labor proceeding in which the Court stated that what it had said in the Duval Jewelry Company case, supra, with respect to delegation of authority over revocation of subpœnas applied to unfair labor practice proceedings:

"The express authority of the Board to revoke extends only to subpœnas 'requiring the production of any evidence,' not to subpœnas requiring the attendance and testi-

mony of witnesses. So the argument that Congress has disallowed delegation extends only to the subpœnas duces tecum. What we have said in National Labor Relations Board v. Duval Jewelry Co., supra, disposes of the argument that the Board has no authority to delegate to a trial examiner the power to rule on motions to revoke those subpœnas reserving to itself the final decision in the matter. The provisions of those Rules, being substantially the same in this type of case as in the representation cases, the result in the two cases should be the same. We therefore find it unnecessary to consider the argument pressed on us that § 7(b) of the Administrative Procedure Act, 60 Stat. 237, 241, 5 U.S.C. § 1006, 5 U.S.C.A. § 1006, grants a power withheld by the National Labor Relations Act. The power to make the revocation procedure applicable to subpœnas ad testificandum seems clear from the authority of the Board contained in § 6 of the Act 'to make * * * such rules and regulations as may be necessary to carry out the provisions of this Act.'"

It is the opinion of this Court that the Company's contention that the Board's application for enforcement is premature in that the Board, itself, has not ruled on the Company's petition to revoke the subpœna duces tecum, is lacking in merit.

It is further contended by the Company that the application for enforcement should be denied because:

(a) The labor organization that filed the charge was not, at the time the Board issued the complaint, in compliance with Section 9(f) and (g) of the Act, 29 U.S.C.A. § 159(f) and (g); and (b) The Board refused to permit the Company to litigate the question of whether the labor organiation had complied with Section 9(f) and (g) of the Act.

These sections are quoted in footnote No. 6 and provide in substance that the charging labor organization, in order to make a charge that will justify an in-investigation of the Board, shall file certain financial reports with the Secretary of Labor annually, and that a copy of such financial reports shall be furnished to its members. This contention was brought to the attention of the Board by motion of the Company and the matter was referred to the Board's Examiner for ruling. The examiner ruled against the contention of the Company.

Section 11 of the Act vests the Board with power to investigate and makes it mandatory upon the Board to issue subpœnas upon application of any party to a proceeding.

Section 9(f) provides in part, "* * * and no complaint shall be issued pursuant to a charge made by a labor organization under subsection (b) of section 10, unless such labor organization and any national or international labor organization of which such labor organization is an affiliate or constituent unit (A) shall have prior thereto filed with the Secretary of Labor copies of its constitution and bylaws and a report, in such form as the Secretary may prescribe, showing—" The required information is then set forth which includes a financial report showing the compensation and allowances to its principal officers and of all other officers and agents receiving in excess of $5,000 for the preceding year. Copies of such reports shall be furnished the members of the labor organization.

It is the opinion of the Court that the question of whether or not the charging labor organization complied with the foregoing provisions of the Act is primarily an administrative one which should be determined by the Board in the first instance.

The Board, through the examiner, has initially ruled against the contention of the Company by refusing to entertain a petition for special permission to appeal from the examiner's ruling. The

Company may again present the question to the Board when the entire record is presented to the Board. If the Board commits error, the Company's remedy is by an appeal to the Court of Appeals. Section 10(f) of the Act provides that "any person aggrieved by final order of the Board * * * may obtain a review of such order in any circuit court of appeals." See Cudahy Packing Co. v. N. L. R. B., 10 Cir., 117 F.2d 692.

 The Company contends that the Board is without jurisdiction to issue the subpœna duces tecum and to conduct the proceeding in which it was issued. Jurisdiction is a question for the Board to determine in the first instance. Any error of the Board will be corrected by the Court of Appeals. Endicott-Johnson Corporation v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Oklahoma Press Publishing Company v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; N. L. R. B. v. Dant, 344 U.S. 375, 73 S.Ct. 375, 97 L.Ed. 407; D. G. Bland Lumber Company v. N. L. R. B., 5 Cir., 177 F.2d 555; N. L. R. B. v. Northern Trust Company, 7 Cir., 148 F.2d 24; N. L. R. B. v. Anchor Rome Mills, 5 Cir., 197 F.2d 447.

We now come to the Company's fourth and final contention that the proceeding before the Board is invalid because the primary object of such proceeding is to require the Company to bargain with the charging labor organization in violation of an injunctive writ issued by the Chancery Court at Knoxville. Cases cited by the Company in support of this contention deal with situations in which the state courts have enjoined picketing in labor disputes on account of acts of violence committed by the pickets. Such writs are proper under the police power of the state. The writ of injunction does not deprive the Board of jurisdiction to continue with its investigation. The Act has vested the Board with exclusive jurisdiction to conduct investigations, thus showing that the Government has pre-empted this field. Garner v. Teamsters' Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228.

The parties have agreed on the alternative methods of compliance that are set forth in the subpoena and this makes it unnecessary for the Court to pass on the question that enforcement would work an undue hardship on the Company.

Let an order be presented granting the Board's application for enforcement of a subpoena duces tecum in the alternative method set forth in the subpoena.