### NATIONAL LABOR RELATIONS BOARD

v.

**Irving MENAGED, President, Carol Curtain Corporation.**

**Misc. No. 154.**

United States District Court
D. Maryland.

April 13, 1961.

David C. Sachs, Regional Atty., and Henry L. Segal, Atty., N. L. R. B., Baltimore, Md., for petitioner.

Bernard J. Seff, Baltimore, Md., for respondents.

THOMSEN, Chief Judge.

Petitioner Board seeks an order under sec. 11(2) of the N.L.R.A., 29 U.S.C.A. § 161(2), requiring obedience to a subpoena duces tecum issued by it in a representation proceeding.

On September 14, 1960, Textile Workers Union of America, AFL-CIO filed a petition for certification as bargaining

representative of certain employees of Carol Curtain Corporation. On October 10 a hearing was held before a Hearing Officer of the Board on the issue of the appropriate bargaining unit. The employer took the position that approximately 30 of its 40 employees were seasonal and were ineligible to vote in any election to be conducted by the Board. The Union took the position that they should be allowed to vote. Respondent, who is the president and principal owner of the employer, testified in support of its position; the Union offered no evidence, and the hearing was closed.

On October 21 the Union filed with the Board a motion to reopen the record, alleging that certain testimony given by respondent at the hearing held on October 10 was contrary to information obtained by the Union from employees immediately after the hearing, as indicated by the attached statements of several employees. The employer filed objections to the Union's motion to reopen the hearing, but on January 10, 1961, the Board granted the motion, ordered that the record be reopened, and directed that a further hearing be held to take evidence and testimony on the issues raised by the Union's motion and the employer's opposition thereto.

On February 23, pursuant to notice, a hearing was held before a Hearing Officer of the Board, at which a former employee gave testimony which conflicted with the testimony theretofore given by respondent. Before the hearing of February 23, the Regional Director had granted a request made by the Union for a subpoena directing respondent to appear at that hearing and bring with him certain employment records; counsel for the employer had filed a petition to revoke that subpoena. The Hearing Officer denied the employer's petition and announced his intention of causing a sub-

poena to be issued directing respondent to appear at a further hearing to be conducted on March 6, and to bring with him certain employment records. Such a subpoena duces tecum was duly issued and served, and is the subject of the instant proceeding.

On March 2 counsel for respondent filed with the Regional Office of the Board a petition to revoke this subpoena. On March 6, after a hearing, the Hearing Officer to whom respondent's petition to revoke the subpoena had been referred by the Regional Director denied the petition to revoke the subpoena. The employer and respondent announced that the subpoena would not be complied with in whole or in part, and on March 13 counsel for the employer mailed to the Board a request for special permission to appeal from the order of the Hearing Office. On March 16 the Board granted the employer's request but denied the appeal.

Respondent's principal contention is that the order of the Board directing a further hearing denied respondent due process and was "illegal" and that the subpoena addressed to respondent to appear and produce records at that hearing is therefore also "illegal".

▆▆▆▆ Courts, quasi-judicial tribunals and administrative agencies ordinarily have the power to grant new trials when such requests are appropriately made; indeed, it is their duty to do so when the ends of justice have not been served. See Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 515, 64 S.Ct. 1129, 88 L.Ed. 1420; United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 535, 66 S.Ct. 687, 90 L.Ed. 821; Atchison, Topeka & Santa Fe Railway Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273. A fortiori, such a tribunal has the power to allow additional testimony to be offered before any decision has been rendered.[1]

---

1. With respect to hearings before the N. L. R. B. in representation cases, 29 U.S.C.A. § 159(c) (1) provides: "Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the Board * * * the

Board shall investigate such petition * * *". The hearing provided for by the Board's rules is a part of the investigation. Sec. 101.21(b) of the Board's Statement of Procedure, required to be published pursuant to the

Respondent does not dispute "as a matter of law" that the Board, in the reasonable exercise of its administrative discretion, has the authority to order further hearings. He contends, however, that further hearings to adduce additional testimony have never been ordered by the Board unless the evidence to be adduced meets the tests of newly discovered evidence. He argues that "when the Board in the instant case granted a rehearing under circumstances under which it has for twenty-seven years been denying rehearings, it abused its administrative discretion, was unfair and thus denied Respondent due process."

The Board contends that the only issue before the court is whether "a proceeding is pending before the Board of which it has jurisdiction and that the evidence sought relates to or touches the matter under investigation". See Cudahy Packing Co. v. N. L. R. B., 10 Cir., 117 F.2d 692.

It is not necessary to decide in this case under what circumstances a district court would be justified in refusing to order obedience to a subpoena. See N. L. R. B. v. Duval Jewelry Co., 357 U.S. 1, 8–9, 78 S.Ct. 1024, 2 L.Ed.2d 1097; Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210.

▮ I find that the records and testimony called for by the subpoena are relevant and material to the issues involved in the proceeding before the Board, and that the subpoena is neither oppressive nor unreasonable. It is quite clear that the Board had the right to order a further hearing in the case under consideration. Neither that hearing nor the subpoena issued in aid thereof denied due process to the employer or to the respondent. There has been no such interference with their rights as would warrant the intervention of this court. A district court has no jurisdiction to try any issue in the principal case before the Board; the duty of review is given to the Court of Appeals.

Since the subpoena is neither illegal, unreasonable nor oppressive, this court will enter an appropriate order compelling obedience thereto.

---

Administrative Procedures Act, describes the hearing as follows: "The hearing, which is nonadversary in character, is part of the investigation in which the primary interest of the Board's agents is to insure that the record contains as full a statement of the pertinent facts as may be necessary for determination of the case by the Board. The parties are afforded full opportunity to present their respective positions and to produce the significant facts in support of their contentions."

Sec. 102.68 of the Board's Rules and Regulations provides, in pertinent part:

"The Board shall thereupon proceed, either forthwith upon the record, or after oral argument or the submission of briefs, *or further hearing*, as it may determine, to direct a secret ballot of the employees or to make other disposition of the matter." (Emphasis supplied.) The fact that the Board may have refused to reopen in many cases does not prove that it lacks the power to reopen in a proper case. For instances in which the Board has reopened the record and held a further hearing, see B. F. Goodrich, 87 N.L.R.B. 1355; Spandsco Oil & Royalty Co., 88 N.L.R.B. 1406.