NATIONAL LABOR RELATIONS BOARD on the relation of INTERNATIONAL UNION OF ELECTRICAL, RADIO & MACHINE WORKERS, AFL-CIO, Applicant-Appellee,

v.

CONSOLIDATED VACUUM CORP., Respondent-Appellant.

No. 392, Docket 31930.

United States Court of Appeals Second Circuit.

Submitted April 5, 1968.

Decided May 24, 1968.

Irving Abramson, Ruth Weyand and Melvin Warshaw, Washington, D. C., for applicant-appellee International Union of Electrical, Radio and Machine Workers, AFL–CIO.

Kenneth C. McGuiness, Washington, D. C., Peter G. Nash, Rochester, N. Y. (Vedder, Price, Kaufman, Kammholz & McGuiness, Washington, D. C., of counsel), for respondent-appellant.

Before MOORE, WOODBURY\* and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

The Consolidated Vacuum Corporation ("the Company") appeals from an order of the District Court for the Western District of New York, John O. Henderson, Judge, requiring the Company to comply with a subpoena duces tecum issued in a proceeding pending before the National Labor Relations Board. We find no error and affirm the order.

\* Of the First Circuit, sitting by designation.

On October 11, 1966, the International Union of Electrical, Radio & Machine Workers, AFL–CIO ("the Union"), filed an unfair labor practice charge against the Company, alleging violations of sections 8(a) (1) and (5) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board's General Counsel issued a complaint on March 9, 1967, alleging *inter alia* that the Company had interfered with, restrained and coerced its employees in violation of section 8(a) (1) of the Act by granting merit wage increases in order to induce them to refrain from becoming or remaining Union members. The increases were alleged to have occurred "since on or about dates * * * in the months of May and June, 1966. * * * "

The General Counsel wished to introduce all wage increases that had been granted over a period of fourteen months beginning on May 1, 1965; the Company, however, was concerned about the possible disruption if large numbers of employees and Company officials should be called to testify about the increases, and if there should be public disclosure of individual merit increases. The Company and counsel for the General Counsel therefore agreed to a stipulation of the facts relevant to the merit increases alleged in the complaint. The names of the employees were coded so that they would not become of public record.

The Union was not permitted to examine the documents upon which the stipulation was based, and accordingly refused to go along with it. Under section 11(1) of the Act, 29 U.S.C. § 161(1), the Union sought the issuance of a subpoena duces tecum to enable it to examine the evidence upon which the stipulation was based. That section provides, in part: "The Board, or any member thereof, shall upon application of any party * * * forthwith issue to such party subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application." The subpoena was addressed to Myles H. MacMillan, the Company's personnel director, and William Finney, Company vice president.

MacMillan and Finney filed a timely petition to revoke the subpoena under that part of section 11(1) which reads: "Within five days after the service of a subpena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required." The petition to revoke was granted in part and denied in part by the Trial Examiner.

■ The Board, at the Union's request, filed an application in the District Court for an order requiring obedience to the subpoena (to the extent it was not revoked by the Trial Examiner) after MacMillen and Finney had refused to comply with it. The Company was named as respondent. See section 11(2) of the Act, 29 U.S.C. § 161(2). The Court ordered the Company to appear before the Trial Examiner and produce the records in issue and give testimony. Such orders under 29 U.S.C. § 161(2) are appealable. See NLRB v. Wilson, 335 F. 2d 449 (5 Cir. 1964).

The Company's appeal from the order raises two questions: (1) may the Company, which failed to exhaust its administrative remedies, now object to the subpoena on substantive grounds?; (2) did the District Court abuse its discretion?

(1) The Board has provided, by regulation, that a petition to revoke a subpoena in circumstances such as those present in this case shall be filed with the Trial Examiner. 29 C.F.R. § 102.31. This delegation of power has been expressly upheld. See Lewis v. NLRB, 357 U.S. 10, 12–13, 78 S.Ct. 1029, 2 L.Ed.2d 1103 (1958); Herman Brothers Pet Supply, Inc. v. NLRB, 360 F.2d 176 (6 Cir. 1966);

cf. NLRB v. Duval Jewelry Company of Miami, Inc., 357 U.S. 1, 78 S.Ct. 1024, 2 L.Ed.2d 1097 (1958). But one of the basic grounds for upholding the delegation was that the Board has reserved to itself the final decision on petitions to revoke.

The question is whether or not the Company is precluded from opposing enforcement of the subpoena because it failed to request permission to appeal the Trial Examiner's decision to the Board, and failed to request that the ruling on the petition be made part of the official record. See 29 C.F.R. §§ 102.26 and 102.31.

The appropriate course in most situations where there is a failure to exhaust administrative remedies is obviously for the reviewing court not to take the case. Here, however, the Board necessarily has reviewed the situation in determining that it should seek enforcement of the subpoena, so that administrative remedies appear to have been effectively exhausted even though not at the Company's instance. The Board is seeking enforcement, which, even though at the Union's request, may be taken as an indication it finds that the subpoena is appropriate, so we do not choose to affirm for failure to exhaust but rather to reach the merits.

■ (2) The Company's principal argument on the merits is that the General Counsel has final authority, under section 3(d) of the Act, in respect of the investigation of charges and issuance of complaints under section 10 and in respect of the prosecution of such complaints before the Board. Many cases are cited in support of this argument. But the point is, in light of the language of section 11(1) of the Act, absolutely irrelevant. That section provides that upon application of a "party" to Board proceedings, a subpoena shall forthwith issue. There is no question but that the Union, as the charging party, is a "party" to the proceedings. See, e. g., International Union, United Auto, etc., Workers

of America, AFL–CIO, Local 283 v. Scofield, 382 U.S. 205, 219, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965). The Company has the opportunity to petition for revocation of the subpoena on the grounds that it does not relate to any matter in question or under investigation, or that it does not describe with sufficient particularity the evidence whose production is required. See Section 11(1). No such contention is made here. It only strengthens a point which hardly needs strengthening to point out, as the Union does in its brief, that in International Union, United Automobile, etc. Workers of America, CIO v. NLRB, 231 F.2d 237 (7 Cir. 1956), it was held that the receipt in evidence of a stipulation did not deprive the union of a fair hearing because the union was entitled to submit evidence to contradict or explain the stipulation to the extent it did not join in it.

■ The Company argues that three procedural irregularities compel reversal here. None of these contentions appears to have substance. First, it is contended that the Trial Examiner failed to comply with 29 C.F.R. § 102.31(b), which requires a statement of the grounds for the ruling on a petition to revoke. The statement was adequate. Second, the Company complains because the subpoena was directed to and served on MacMillan, but the application to the Court named the Company as respondent. This is nonsense. Third, it is contended that the subpoena, requiring production of all records and documents pertaining to wage increases from July 1, 1964 to July 1, 1966, is too broad, since the allegations in the complaint were limited to increases granted during May and June 1966 only. But the issue is whether the increases were granted in order to induce employees to disaffiliate from, or not to join, the Union, and in order to determine that it might reasonably be thought necessary to make a comparison of merit increases during May and June 1966 with those in earlier months. The test on review here

is "abuse of discretion," see NLRB v. Friedman, 352 F.2d 545, 547 (3 Cir. 1965), and the Company has not shown anything approaching that. The order is affirmed.