**Julia B. STONE, Plaintiff,**

v.

**E.D.S. FEDERAL CORPORATION,
Defendant.**

No. C–71–903.

United States District Court,
N. D. California.

Nov. 14, 1972.

Charles Cline Moore, Haizlip, Ring, O'Donnell & Moore, San Francisco, Cal., for plaintiff.

Robert V. Magor, Severson, Werson, Berke & Melchior, J. Mark Montobbio, San Francisco, Cal., for defendant.

William A. Carey, Gen. Counsel, Charles Wilson, Associate Gen. Counsel, Vincent A. Fuller, Jr., Washington, D. C., amicus curiae for EEOC.

## OPINION AND ORDER

SCHNACKE, District Judge.

This is an action based upon the anti-discrimination provisions of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

The action is based upon a claim of sex discrimination, alleging that the plaintiff was denied by the defendant, solely because of her sex, various opportunities, perquisites, etc., she would have otherwise been entitled to receive as a so-called "systems engineer". It is alleged in the complaint that she fulfilled the statutory prerequisites for filing suit, that she filed a charge with the Equal Employment Opportunity Commission (EEOC) and, upon the failure of its attempts at conciliation, the Commission issued the statutory notice of right to sue, as provided for in 42 U.S. C. § 2000e–5(e). This portion of the Act provides in general that if the Commission has been unable to obtain voluntary compliance within 30 days after a charge is filed, *"the Commission* shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge . . . " (Emphasis added.)

§ 2000e–5 goes on to provide that such actions may be brought in the United States District Court and certain types of relief provided.

Although it is alleged in the complaint that the statutory notice was issued by the Commission, it is clearly established by affidavit and undisputed by plaintiff that in fact the Commission itself issued no such notice but that instead the notice was issued by the acting District Director for the San Francisco District Office of EEOC. Defendant's argument

is that the Court is without jurisdiction because of the plaintiff's failure to comply with a jurisdictional prerequisite to the maintenance of the action, namely, the failure to obtain such a notice from the Commission itself. The argument runs as follows: (1) the right to sue here invoked is entirely statutory; (2) as such, it exists only where all statutory prerequisites to the maintenance of the suit are present; (3) one of the statutory prerequisites is the obtaining of a notice to sue issued by the Commission (meaning the Commission itself); (4) that the notice involved in this action, not being issued by the Commission itself but by a subordinate or purported delegate thereof, is null and void; (5) therefore the statutory prerequisites have not been complied with; and (6) it necessarily follows that the action must fail for lack of jurisdiction over the subject matter.

As mentioned above, the motion is in the alternative, to dismiss or to grant a summary judgment. Since the complaint is proper on its face, in that it alleges, rightly or wrongly, issuance by the Commission, it could be argued that the motion to dismiss must necessarily fail and, since resort must be had to the affidavits as to the "true" facts, the motion must be treated as one for summary judgment. However, we need not be concerned with terminology since the defect asserted goes to the very jurisdiction of the Court and could be raised and acted upon by the Court *sua sponte*.

█ That the validity of the notice is jurisdictional can hardly be doubted, Stebbins v. Continental Insurance Companies, 143 U.S.App.D.C. 121, 442 F.2d 843 (1971); Beverly v. Lone Star Lead Const. Corp., 437 F.2d 1136, 1139–1141 and cases cited at n. 16 (5th Cir. 1971); Choate v. Caterpillar Tractor Company, 402 F.2d 357, 359 (7th Cir. 1968); cf. McDonald v. American Fed. of Musicians of U. S. and Can., 308 F.Supp. 664, 666–667 (N.D.Ill.1970); Cox v. United States Gypsum Company, 284 F.Supp. 74, 80–81 (N.D.Ind.1968), mod. and

aff'd, 409 F.2d 289, 291–292 (7th Cir. 1969).

█ Plaintiff predictably criticizes the long delay in defendant's bringing the motion and the point to the attention of the Court and counsel. It has been unquestionably an imposition on the Court and counsel to allow the matter to proceed this far, with numerous discovery proceedings having been taken and numerous orders having been sought and obtained from the Court, but it is well settled that if the matter is jurisdictional, as defendant claims, no waiver, delay or laches will confer jurisdiction upon the Court and in fact the objection could have been made at any time, either by the parties or the Court *sua sponte*, even upon appeal. Pacific National Insurance Co. v. Transport Insurance Co., 341 F.2d 514 (8th Cir. 1965), certiorari denied, 381 U.S. 912, 85 S.Ct. 1536, 14 L. Ed.2d 434; Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24 (8th Cir. 1964). Moreover, plaintiff is hardly blameless, since the pertinent allegation in the complaint did not accord with the facts.

While the motion is based upon what laymen would doubtless consider a narrow and technical ground, it obviously does not follow that it is without merit, and any question regarding the Court's jurisdiction must be seriously regarded. In fact, the statute does contemplate and at least arguably requires the issurance of such a notice *by the Commission* and there is no express authority permitting a delegation of such power to any individual such as the Acting Director here involved.

█ Since the validity of the notice must necessarily be predicated upon some properly delegated authority of the Commission to the Assistant Regional Director, it must first be determined whether such authority to delegate exists and then, if it does exist, whether it has been exercised by the Commission.

Defendant does not find it necessary to argue, nor does it argue, that the Commission is wholly without authority

to delegate any of its functions. It does argue, however, that this particular function, in view of its importance in the statutory scheme, cannot be delegated. It is important, it is argued, in that it signifies an end to the conciliation procedures and authorizes the commencement of litigation; it is therefore wholly distinguishable from such housekeeping functions as may be within the implied authority of the Commission to delegate.

Defendant relies upon a line of Supreme Court decisions, of which Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 803, 86 L.Ed. 895 (1942), is typical, narrowly construing the power of administrative agencies to delegate authority, particularly authority of an important character. In the *Cudahy* case, the Supreme Court struck down an attempt by the Wage and Hour Administration to delegate to Regional Directors the power to sign and issue subpoenas, on the basis that there was no legislative grant or showing of intent to grant such authority to delegate, that the authority pertained to a serious matter and that none could be inferred. Defendant distinguishes, as did the Supreme Court, such cases as Labor Board v. Duval Jewelry Co., 357 U.S. 1, 78 S. Ct. 1024, 2 L.Ed.2d 1097 (1958), upholding the power of the NLRB to delegate to a hearing examiner its right to issue subpoenas, the decision being based upon the fact that the issuance by the examiner was only tentative and was subject in each case to review of the propriety of the issuance of the subpoena by the Board itself and a final determination by the Board as to whether the subpoena should be upheld or revoked, such appeal and review by the Board being expressly reserved to the Board by the delegation itself.

Defendant also points out that when it became apparent to the NLRB some years ago that the requirement that the Board itself rule in all cases concerning appropriate bargaining units was unbearably burdensome, and that it was necessary to delegate the power to make

such determination to Regional Directors, it felt it necessary to go to Congress and have § 3(b) of the Act, 29 U. S.C. § 153(b), expressly amended to allow for such delegation; obviously, if the Commission, like the Labor Board, finds the requirement of issuance of notices of right to sue unduly burdensome, it is always free to go to Congress and seek authority to delegate. Absent such action, it is argued, there is no such authority.

Among the various documents submitted in opposition to defendants' motion is the affidavit of one Jules H. Gordon, who alleges that he is Director of the San Francisco Office of EEOC. In it he quotes from a section of the official EEOC manual providing that "Issuance of notice of right-to-sue heretofore handled by headquarters, i. e., . . . demands for notification under § 1601.-25(b), is hereby delegated to the field offices." He goes on to state that based upon personal experience he knows that it has been the "understanding" of field offices of the EEOC that the foregoing provision of the manual has constituted authority to sign notices of right-to-sue and that field directors have in fact been doing so. It is difficult to conceive of anything less relevant to the important legal problem involved here than the "understanding" of the field offices. However, Mr. Gordon attaches a procedural manual of 1970 confirming this interpretation and further stating that it has not been the practice of the EEOC itself to issue such notices since the foregoing purported delegation and compliance procedures have been in effect.

While the manual is not correctly worded, in that a delegation could hardly be made to a "field office", rather than to an individual or group of individuals, the intent seems reasonably clear, and we are thus led back to the question whether delegation was permissible.

Presented with the question of the Commission's power to delegate the authority to issue notices, apparently not previously ruled upon, the Court at first felt compelled by the *Cudahy* case, *su-*

*pra,* to hold that the delegation was improper. However, in view of the importance of the issue, not only in this case but doubtless in many others now pending, the Court invited the EEOC to appears as *amicus curiae* and present its views. It has done so, and the Court has concluded that the delegation was proper within the somewhat peculiar statutory context.

At first glance, it would appear that the Commission, like those usually established by Congress, was intended to be an expert body specially adapted to the investigation and conciliation of disputes of the type here involved. The National Labor Relations Board is such a body, for example, in its sphere.

Further examination of the statute leads to the conclusion that this is not the case. The filing of a charge and the sixty-day period of waiting prior to suit appears to be no more than a "cooling-off" period during which it is not necessarily expected that the Commission do anything. The Commission "may" commence compliance proceedings, 42 U.S.C. § 2000e–5(i), or it may not. Apparently all the Commission is expected to do, according to its counsel, is to make an annual report to the President, establish offices, "cooperate" with local agencies, enter into certain agreements, pay witness fees, furnish technical assistance, make studies and investigations, refer matters to the Attorney General, supervise the carrying out of court decrees and issue notices of the type here involved. 42 U.S.C. §§ 2000e–5(a), (d), (e), (i); 4(f), (g)(1), (2), (3), (4), (5), (6); 8(b). While it is supposed to "investigate" a charge filed with it and "determine" whether there is reasonable cause to believe it is true and undertake conciliation, 42 U.S.C. § 2000e–5(a), there is no requirement that the investigation and conciliation, even if under-

taken, shall be carried out within any particular time period. 42 U.S.C. § 5000e–5(c). The inference necessarily follows that its required function with respect to charges is either minimal or nonexistent. In fact, the Commission has bestowed upon the charging party the right to demand a statutory notice sixty days *after the charge is filed,* without regard to any investigation or other action or any determination by the Commission. 29 C.F.R. § 1601.25a(c).

Under these circumstances, counsel for the Commission properly points out that the issuance of the notice is "no more than a formality", as stated in a different context in Cox v. United States Gypsum Company, 409 F.2d 289, 291 (7th Cir. 1969) (function of notice is to commence thirty-day period for commencement of suit).

Commission counsel correctly point out that the Commission's functions, unlike those involved in *Cudahy* and *Duval,* do not "involve the exercise of . . . discretion and personal judgment." More than that, the Commission's function with respect to charges, under its own regulations, is nil, save to receive charges and issue notices, upon demand, after a lapse of sixty days. It would be foolish to hold that it cannot delegate these clerical tasks to subordinates. Indeed it is difficult to see why the same notice function pointed out in *Cox, supra,* would not be as well satisfied, at far less expense to the taxpayers, by serving the charge upon the opposing party; however, that is for Congress to decide.

Since there is no issue as to the filing of the charge, the issuance of the notice or the filing of suit within the statutory period thereafter, the prerequisites to this action have been satisfied.

Defendant's alternative motions are therefore denied.